**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLEN CHAPMAN, ANDREA PETERSON, AND KEVIN KELLY Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br><br> MUELLER WATER PRODUCTS, INC., GREGORY E. HYLAND, J. SCOTT HALL, EVAN L. HART, and MARIETTA EDMUNDS ZAKAS, <br><br> Defendants. | Case No. 19-cv-03260 (KPF) <br><br><br> <u>JURY TRIAL DEMANDED</u> <br><br> <u>CLASS ACTION</u> |

**INVESTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**
**<u>VENUE</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT....................................................................................................................... 2

    1.   Venue is Proper in the District of South Carolina and the Northern District of Georgia .... 4

    2.   The Convenience Factors Favor Transfer to the District of South Carolina or Alternatively, the Northern District of Georgia ........................................................... 6

CONCLUSION.................................................................................................................... 9

i

# TABLE OF AUTHORITIES

## Cases

*A. Olinick & Sons v. Dempster Bros., Inc,*
    365 F.2d 434 (2d Cir.1966) ................................................................................... 4, 8

*Goggins v. All. Capital Mgmt., L.P,*
    279 F. Supp. 2d 222 (S.D.N.Y. 2003) .................................................................... 4, 8

*Houlihan Lokey Howard & Zukin Cap., Inc. v. The Protective Grp., Inc,*
    2005 WL 3367045 (S.D.N.Y. Dec. 12, 2005) ............................................................ 6

*In re Connectics Securities Litigation,*
    2007 WL 152261 ........................................................................................................ 6

*In re Geopharma, Inc.,*
    No. 04 CIV. 9463 (SAS), 2005 WL 1123883 n.12 (S.D.N.Y. May 11, 2005) ........... 4

*In re Hanger Orthopedic Grp., Inc. Sec. Litig,*
    418 F. Supp. 2d 168 (E.D.N.Y. 2006) ...................................................................... 5

*In re McDermott Intern., Inc. Sec. Litig,*
    2009 WL 1010034 (S.D.N.Y. Apr. 13, 2009) ........................................................... 6

*In re Stillwater Mining Co. Sec. Litig,*
    2003 WL 21087952 (S.D.N.Y. May 12, 2003) ....................................................... 3, 8

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb, Inc.,*
    No. 06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ...................... 6

*Prudential Sec. Inc. v. Norcom Dev., Inc,*
    1998 WL 397882 (S.D.N.Y. July 16, 1998) .............................................................. 3

*Purcell Graham, Inc., v. National Bank of Detroi,*
    1994 WL 584550, (S.D.N.Y. Oct. 24, 1994) ............................................................ 8

*S.E.C. v. Rizvi*
    2010 WL 2949314 (E.D. Tex.) (July 2, 2010) ........................................................ 5

*Sec. Inv'r Prot. Corp. v. Vigman,*
    764 F.2d 1309 (9th Cir. 1985) ................................................................................. 4

*Seco Steel Int'l LLC v. Tokio Marine Newa Ins. Co,*
    2010 WL 1948591 (S.D.N.Y. May 10, 2010) ........................................................... 9

*Seinfeld v. Bartz,*
    No. 00 Civ,  2001 WL 611292 (S.D.N.Y. June 5, 2001) .......................................... 3

*Trehern v. OMI Corp*,
 1999 WL 47301 (S.D.N.Y. Feb. 1, 1999) .................................................................................. 3

*United States ex rel. Fisher v. Bank of Am., N.A*,
 204 F. Supp. 3d 613 (S.D.N.Y. 2016) ...................................................................................... 9

*Van Dusen v. Barrac*,
 376 U.S. 616 (1964) ................................................................................................................ 3

*Warrick v. Gen. Elec. Co*,
 70 F.3d 731 (2d Cir.1995) ....................................................................................................... 4, 8

## Statutes

28 U.S.C. § 1404 .......................................................................................................................... 4, 5, 6

15 U.S.C. § 78aa .......................................................................................................................... 7

Lead Plaintiff Andrea Peterson ("Lead Plaintiff") and named plaintiff Kevin Kelly (together with Lead Plaintiff, "Plaintiffs" or "Investors") hereby move this Court to transfer venue under 28 U.S.C. §1404(a) to the United States District Court for the District of South Carolina, Charleston Division or in the alternative to the United States District Court for the Northern District of Georgia.

## **INTRODUCTION**

On April 11, 2019 Glen Chapman, represented by the law firm of Glancy, Prongay and Murray LLP filed an initial complaint in this Court against Defendants Mueller Water Products, Inc.,  ("Mueller" or the "Company") Gregory Hyland, J. Scott Hall, Evan L. Hart and Marietta Edmund Zakas (collectively, "Defendants") alleging violations of the Federal Securities Laws. (Dkt. No. 1).

On June 16, 2019 Andrea Peterson ("Peterson"), represented by the Rosen Law Firm, P.A. ("RLF") filed a motion, pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to be appointed Lead Plaintiff and to have her selection of RLF as Lead Counsel approved.  (Dkt. No. 11).

On June 27, 2019 the Court issued an order appointing Peterson as Lead Plaintiff and approving Peterson's selection of RLF as Lead Counsel.  (Dkt. No. 22).

Pursuant to the Court's  August 23, 2019 Order (Dkt. No. 26) Lead Plaintiff (along with named Plaintiff Kevin Kelly) filed her Amended Class Action Complaint on September 17, 2019. (Dkt. No. 27) ("Amended Complaint").  The Amended Complaint is a federal securities class action on behalf of a class consisting of all persons and entities, other than Defendants, who purchased publicly traded common stock of Mueller on the New York Stock Exchange ("NYSE") during the period from May 9, 2016 through August 6, 2018, inclusive (the "Class Period").

Ms. Peterson is a resident of Murrells Inlet, South Carolina. *See* Declaration of Andrea Peterson, ("Peterson Dec.") at ¶8. Because Ms. Peterson was not a party to the suit at the time Mr. Chapman filed the initial complaint she did not select the forum. Defendant Mueller's principal executive offices are located in Atlanta, Georgia. (Dkt. No. 27, ¶37). There is no evidence that any witnesses are located in the Southern District of New York or that there are is any reason that this case was filed in the Southern District of New York other than because Mr. Chapman, who is not a lead or named plaintiff and thus is no different than any of the other putative class members who are dispersed across the country, filed suit in this forum. Indeed, Mueller has no offices in New York.

Pursuant to 28 U.S.C. §1404(a) transfer of this action to the District of South Carolina is appropriate, primarily because of the convenience to Lead Plaintiff and the deference that should be accorded to the plaintiff's choice of forum. As noted above, Lead Plaintiff did not choose the forum in the action. Lead Plaintiff is the mother of a ten-month old and an eight-year old and is self-employed. Peterson Dec. ¶10. Lead Plaintiff also cares for both of her parents, who suffer from dementia, on a daily basis. *Id*. Lead Plaintiff is committed to her duties as a lead plaintiff and prospective class representative. *Id.* at ¶6. However, because of the additional burdens associated with overnight travel to New York the District of South Carolina is a far more convenient forum for Lead Plaintiff. *Id* at ¶11. Alternatively, transfer to the Northern District of Georgia is also appropriate as it is a more convenient forum for Lead Plaintiff than the Southern District of New York and is also where Defendant Mueller and likely many of the witnesses in the case are located. *Id.* at ¶12.

## ARGUMENT

Under 28 U.S.C. § 1404, a court may transfer any civil action to any other district where the case might have been brought if the transfer serves "the convenience of parties and witnesses, and is in the interest of justice." 28 U.S.C. § 1404(a); *see Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *In re Stillwater Mining Co. Sec. Litig.,* No. 02 Civ. 2806(DC), 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003). The purpose of Section §1404(a) is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Stillwater,* 2003 WL 21087953, at *2 *(citing Trehern v. OMI Corp.,* No. 98 Civ. 0242(RWS), 1999 WL 47303, at *1 (S.D.N.Y. Feb. 1, 1999)).

"A party seeking to transfer venue must demonstrate that: (1) the action could have been brought originally in the transferee forum; (2) the transferee forum would be more convenient; and (3) transfer advances the interests of justice." *Stillwater,* 2003 WL 21087953, at *2 (quoting *Prudential Sec. Inc. v. Norcom Dev., Inc.,* No. 97 Civ. 6308(DC), 1998 WL 397889, at *2 (S.D.N.Y. July 16, 1998)). "The decision whether to transfer venue rests within the sound discretion of the district court." *Id.* at *3.  As this Court has previously noted, the factors to be considered include: (a) the convenience of witnesses; (b) the convenience of the parties; (c) the locus of operative facts (that is, the place where the events at issue occurred); (d) the location of relevant documents and relative ease of access to sources of proof; (e) the availability of process to compel the attendance of unwilling witnesses; (f) the forum's familiarity with the governing law; (g) the relative financial means of the parties; (h) the weight afforded plaintiff's choice of forum; and (i) trial efficiency and the interests of justice generally. *Stillwater,* 2003 WL 21087953, at *3 (citing *Seinfeld v. Bartz,* No. 00 Civ. 5195(DC), 2001 WL 611295, at *2 (S.D.N.Y. June 5, 2001)).

"In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue 'substantial consideration,'" *Warrick v. Gen. Elec. Co.,* 70 F.3d 736, 741 (2d Cir.1995) (quoting *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir.1966)), *Stillwater* at *3.

1. **Venue is Proper in the District of South Carolina and the Northern District of Georgia**

Venue in this case is governed by Section 27 of the 1934 Act, 15 U.S.C. § 78aa, which provides that venue is proper in any district in which an "act or transaction constituting a violation has occurred," or "where the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa.

"The plaintiffs' choice of forum is ordinarily entitled to considerable weight. In addition, plaintiff's choice is generally accorded more deference where there is a material connection or significant contact between the forum state and the underlying events allegedly underlying the claim, or where the plaintiff is a resident of the forum district." *Goggins v. All. Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (internal citations and quotations omitted). *See also Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("Without question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum.") (internal citations and quotations omitted).

Venue is proper in the District of South Carolina because Lead Plaintiff resides there and it is where Lead Plaintiff was injured by Defendants' alleged misconduct. First, courts have held that venue can be established under Section 27 in any district of the United States for any publicly-traded company on a national exchange such as Mueller.  *See In re Geopharma, Inc.*, No. 04 CIV. 9463 (SAS), 2005 WL 1123883, at *1 n.12 (S.D.N.Y. May 11, 2005) ("Indeed, because GeoPharma was a publicly traded company on the NASDAQ National Market and the alleged

misstatements were widely disseminated and defrauded a nationwide class, plaintiffs could theoretically have brought suit under section 27 in any district in the United States."). Second, Defendants' allegedly false and misleading SEC filings, press releases and conference calls were transmitted to Lead Plaintiff in the District of South Carolina. *See SEC v. Rizvi*, 2010 WL 2949311, at * 4 (E.D. Tex.) (July 2, 2010) (finding venue proper in securities class action where "Plaintiff complains that the injury to the investors occurred when they were fraudulently induced to purchase a security. These payments from investors to Defendants represent a consummation of the scheme. Sending the misleading material into this District to induce individuals to become investors was a step of a step of material importance to the nationwide scheme of extracting funds from investors across the country.")

Additionally, because Lead Plaintiff was not a party at the time the initial complaint was filed, it is the District of South Carolina, not the Southern District of New York, that is Lead Plaintiff's choice of forum.

Venue is also proper in the Northern District of Georgia, located in Atlanta, Georgia because it is where Mueller's principal executive offices are located, and all of the operative facts in this case took place in Atlanta. The allegedly misleading public statements were prepared, created and issued in Atlanta. Mueller's relevant corporate decisions were planned and approved in Atlanta. None of these events occurred in New York. Transfer of securities class actions to the district where the corporate defendant headquartered is common. *See, e,g., In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) ("There is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered. Nevertheless, as a practical matter, such transfers are routine.").

Finally, the only connection that New York has to this case is the fact that Mueller's stock trades on the New York Stock Exchange ("NYSE").  Courts in the Second Circuit have held that this is not a sufficient justification to militate in favor of finding that the S.D.N.Y. is an appropriate venue. *See Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06 CIV. 1942 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006) ("Although Plaintiffs correctly point out that [defendant's] stock is traded on the New York Stock Exchange ("NYSE"), which is located in the SDNY, and many of the analysts who follow [defendant's] stock are located in New York City, these contacts don't do it. If they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street.")

2. **The Convenience Factors Favor Transfer to the District of South Carolina or Alternatively, the Northern District of Georgia**

The convenience of the witnesses is the most important factor in deciding a motion to transfer venue.  *In re McDermott Intern., Inc. Sec. Litig.*, 2009 WL 1010039, at *4 (S.D.N.Y. Apr. 13, 2009).

Transfer to the District of South Carolina would be more convenient not only for Lead Plaintiff but likely for the witnesses in the case. In analyzing this factor "courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Houlihan Lokey Howard & Zukin Cap., Inc. v. The Protective Grp., Inc.,* 2005 WL 3367044, at *5 (S.D.N.Y. Dec. 12, 2005); *see also Connectics,* 2007 WL 1522614, at *2.

Lead Plaintiff, who has a fiduciary duty to thousands of absent class members, is a critical party in this case. As demonstrated by her declaration attached, Lead Plaintiff would be substantially inconvenienced in having to travel to New York, a forum which has no connection to this case, for deposition and trial given her responsibilities to her family.  Peterson Dec. ¶¶10-

12.     Additionally, because the District of South Carolina is closer to Mueller's corporate headquarters, travel to South Carolina for trial would also be more convenient for Defendants and likely witnesses.

Alternatively, Atlanta is likewise a more convenient forum for both Lead Plaintiff and Defendants than the Southern District of New York.  While not as convenient as South Carolina, Atlanta is a one-hour flight from where Lead Plaintiff resides. Because Mueller, and likely many of the Individual Defendants and witnesses reside in Atlanta, Atlanta is a convenient forum for Defendants.

Many of the other convenience factors either favor transfer or are neutral.

*The Locus of Operative Events:*

The locus of operative events (i.e. Defendants' alleged false statements and misrepresentations) in this case took place in Atlanta, Georgia, where Mueller is located.  This factor favors transfer to Atlanta.

*The Location of Relevant Documents and Ease of Access to Sources of Proof*:

This factor is neutral.  With electronic storage and delivery of documents, there is no meaningful difference whether this case proceeds in the S.D.N.Y., D.S.C. or N.D.G.A.

*The Availability of Process to Compel the Attendance of Unwilling Witnesses*:

At this time, neither party has identified any witnesses that reside in New York. It is likely that many of the witnesses in this case, current employees of Mueller, reside in Atlanta, Georgia. Accordingly, this factor favors transfer of the case to Atlanta.

*The Forum's Familiarity With the Governing Law:*

This suit involves the application of the federal securities laws. Both this Court, the District of South Carolina, and the Northern District of Georgia are equally capable of applying the federal

7

securities laws. *See, e.g.,* Stillwater, 2003 WL 21087953, at \*5; *Goggins*, 279 F. Supp. 2d at 234. This factor is therefore neutral.

*The Relative Financial Means of the Parties*:

Mueller is a publicly traded corporation.  Lead Plaintiff is a private individual representing a putative class of thousands of investors who is being represented by the Rosen Law Firm. "[W]hile relative financial hardship may be considered in weighing the balance of conveniences, this factor is usually only applicable to situations where an individual is suing a large corporation." *Purcell Graham, Inc., v. National Bank of Detroit,* No. 93-Civ-8786 (MBM) 1994 WL 584550, (S.D.N.Y. Oct. 24, 1994), at \*7 (internal quotations and citations omitted).  Because Lead Plaintiff is being represented by the Rosen Law Firm who will advance the expenses of Lead Plaintiff and the putative class, the relative means of the parties and their ability to litigate this case fully are, at best, a neutral factor in the Court's analysis and support Lead Plaintiff's request for a transfer.

*The Weight Afforded Plaintiff's Choice of Forum*:

As noted above, "In ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue 'substantial consideration,'" *Warrick v. Gen. Elec. Co.,* 70 F.3d 736, 741 (2d Cir.1995) (quoting *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir.1966)), *Stillwater* at \*3.  For the reasons stated in the Peterson Declaration, Lead Plaintiff's choice of forum is the District of South Carolina, or in the alternative, the Northern District of Georgia.

While Defendants may argue that Lead Plaintiff must show a "change in circumstances" since the filing of the suit in order to prevail on a motion to transfer, (*See United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016)), Lead Plaintiff has done so.  Lead Plaintiff did not choose the Southern District of New York as the forum for the case.

The change in circumstance that occurred since the filing of the initial complaint is Lead Plaintiff's appointment.

*Trial Efficiency and the Interests of Justice:*

Many of the Defendants, the witnesses and Mueller's principal executive offices are located in Atlanta, Georgia.  To the extent that the District of South Carolina is closer to Atlanta than New York, Atlanta is far more convenient to them than the Southern District of New York.

In addition, at this early stage in the litigation, Defendants would not be prejudiced by transfer. No discovery or dispositive motion practice has taken place. Indeed, the operative amended complaint was filed only yesterday. Because so little has transpired in this Court so far, no prejudice would accrue to Plaintiffs or the putative class from a transfer. *See, e.g., Seco Steel Int'l LLC v. Tokio Marine Newa Ins. Co.,* 2010 WL 1948590, at *1 (S.D.N.Y. May 10, 2010) ("the instant action is in its early stages, as no discovery has occurred and no other motion practice has taken place. Defendants will therefore suffer no material prejudice from the transfer of the action to the Eastern District of Louisiana").

## CONCLUSION

There is no basis for maintaining venue in the Southern District of New York.  To the contrary, all legal precedents and factual considerations point strongly toward a transfer for the convenience of the parties and the witnesses to either the District of South Carolina (Charleston Division) or the Northern District of Georgia.  Accordingly, the Court should transfer this action to the United States District Court for the District of South Carolina or alternatively, to the United States District Court for the Northern District of Georgia

Dated: September 18, 2019                    Respectfully submitted,

9

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Sara Fuks*
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Sara Fuks (SF 6034)
275 Madison Ave., 34th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*Counsel for Investors*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 19th day of September 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Sara Fuks*

11