**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :

GLEN CHAPMAN, ANDREA PETERSON
AND KEVIN KELLY, Individually and On    :   1:19-cv-3260 (KPF)
Behalf of All Others Similarly Situated,

         Plaintiffs,

      v.

MUELLER WATER PRODUCTS, INC.,
GREGORY E. HYLAND, J. SCOTT HALL,
EVAN L. HART and MARIETTA EDMUNDS
ZAKAS,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER VENUE

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
jay.kasner@skadden.com
scott.musoff@skadden.com

*Attorneys for Defendants Mueller Water*
*Products, Inc., J. Scott Hall, Evan L. Hart and*
*Marietta Edmunds Zakas*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 3

      A.    Plaintiffs' Complaints and Motions for Appointment as Lead Plaintiff and
           Lead Counsel ................................................................................................................ 3

      B.    Plaintiffs' Motion to Transfer Venue ...................................................................... 4

ARGUMENT .................................................................................................................................. 5

PLAINTIFFS' MOTION TO TRANSFER VENUE SHOULD BE DENIED ............................. 5

I.    Transferring This Action Is Not in the Interest of Justice ...................................... 5

      A.    Plaintiffs' Litigation of Their Claims in This Court Weighs Against
           Transfer ........................................................................................................................ 5

      B.    Plaintiffs' Prior Inconsistent Positions Warrant Denying Their Motion ................ 7

II.    Plaintiffs' Choice of Forum Is Entitled to Little to No Weight .......................... 8

III.    Plaintiffs Have Failed to Establish That the
Remaining § 1404(a) Factors Strongly Support Transfer ...................................... 9

      A.    Plaintiffs Have Not Demonstrated That Convenience and Trial Efficiency
           Support Transfer ........................................................................................................ 9

      B.    The Availability of Process to Compel the Attendance of Unwilling
           Witnesses Does Not Support Transfer ................................................................ 12

      C.    The Locus of Operative Facts Is Not Determinative ........................................... 13

      D.    The Remaining Factors Do Not Support Transfer .............................................. 14

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

### CASES

*A & E Television Networks, LLC v. Pivot Point Entertainment, LLC*,
No. 10 Civ. 9422(PGG), 2011 WL 182083 (S.D.N.Y. Jan. 18, 2011) ...............................8

*Adair v. Microfield Graphics, Inc.*,
No. 00 Civ. 0629(MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000).........................8

*In re Anadarko Petroleum Corp.*,
No. 10 CIV. 05894 (PGG), 2012 WL 12894796 (S.D.N.Y. Mar. 19, 2012)..................6, 7

*Bassali v. Johnson Controls, Inc.*,
No. 06 cv 4149(KMW), 2008 WL 45750 (S.D.N.Y. Jan. 2, 2008)...................................12

*Canale ex rel. Othmer v. Manco Power Sports, LLC*,
No. 06 Civ. 6131(PKL), 2007 WL 2406904 (S.D.N.Y. Aug. 20, 2007)...........................10

*In re ChannelAdvisor Corp. Securities Litigation*,
No. 15-CV-506 (AJN), 2015 WL 4064625 (S.D.N.Y. July 2, 2015) ................................8

*Colabufo v. Continental Casualty Co.*,
No. 04-CV-1863(TCP)(MLO), 2006 WL 1210919 (E.D.N.Y. Apr. 27, 2006)...........11, 12

*Cummings v. Chesapeake Energy Corp.*,
No. 16-CV-2338 (VEC), 2016 WL 9527989 (S.D.N.Y. June 7, 2016).............................9

*DealTime.com Ltd. v. McNulty*,
123 F. Supp. 2d 750 (S.D.N.Y. 2000)...............................................................................13

*Eslworldwide.com, Inc. v. Interland, Inc.*,
No. 06 CV 2503(LBS), 2006 WL 1716881 (S.D.N.Y. June 21, 2006)............................11

*F.A.A. v. Landy*,
705 F.2d 624 (2d Cir. 1983)...............................................................................................11

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990)..............................................................................................................7

*Garity v. Tetraphase Pharmaceuticals Inc.*,
No. 1:18-cv-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ................2, 8, 9

*Gendreau v. Kigawa*,
No. 13cv3217 (LTS)(DCF), 2014 WL 6487426 (S.D.N.Y. Nov. 14, 2014)....................12

*In re Glenayre Technologies, Inc. Securities Litigation*,
    982 F. Supp. 294 (S.D.N.Y. 1997), *aff'd sub nom. Kwalbrun v. Glenayre Technologies, Inc.*, 201 F.3d 431 (2d Cir. 1999) (table)......................................................11

*Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*,
    No. 14-CV-9839 (JMF), 2015 WL 5751252 (S.D.N.Y. Sept. 30, 2015) ...........................9

*Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp.*,
    No. 06-cv-7672(LTS)(GW), 2007 WL 163111 (S.D.N.Y. Jan. 22, 2007) ........................12

*International Controls & Measurements Corp. v. Honeywell International, Inc.*,
    No. 5:12-CV-1766 (LEK/ATB), 2013 WL 4805801 (N.D.N.Y. Sept. 9, 2013) ...............13

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) ........................................................................................5

*New York Marine & General Insurance Co. v. Lafarge North America, Inc.*,
    599 F.3d 102 (2d Cir. 2010)......................................................................................2, 5, 9

*In re Nematron Corp. Securities Litigation*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998).................................................................................10

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*,
    6 F. Supp. 2d 203 (S.D.N.Y. 1998) ......................................................................2, 10, 11

*Purdessy v. Bojangles', Inc.*,
    No. 18 Civ. 11649 (VM), 2019 WL 2461805 (S.D.N.Y. May 24, 2019)......6, 7, 10, 11, 13

*Sovereign Bank v. Ellis*,
    No. 09 Civ. 02597(PGG), 2009 WL 2207922 (S.D.N.Y. July 23, 2009)..........................13

*Stewart Organization, Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)..........................................................................................................1, 5, 8

*In re Stillwater Mining Co. Securities Litigation*,
    No. 02 Civ. 2806(DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)............................10

*Tate-Small v. Saks Inc.*,
    No. 12 CV 1008(HB), 2012 WL 1957709 (S.D.N.Y. May 31, 2012)................................9

*Trehern v. OMI Corp.*,
    No. 98 Civ. 0242 RWS, 1999 WL 47303 (S.D.N.Y. Feb. 1, 1999) ...................................6

*United States Commodity Futures Trading Commission v. Wilson*,
    27 F. Supp. 3d 517 (S.D.N.Y. 2014)...................................................................................5

*UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*,
    No. 98 CIV. 5032(DAB), 2000 WL 1457320 (S.D.N.Y. Sept. 28, 2000)..........................5

iii

*Universal Marine Medical Supply, Inc. v. Lovecchio,*
  No. 98-CV-3495 (ILG), 1999 WL 441680 (E.D.N.Y. May 7, 1999).................................6

**STATUTES**

15 U.S.C. §78u-4(b)(3)(B)..............................................................................................................2

Defendants Mueller Water Products, Inc. ("Mueller" or the "Company"), J. Scott Hall, Evan L. Hart and Marietta Edmunds Zakas respectfully submit this memorandum of law in opposition to the motion of lead plaintiff Andrea Peterson ("Peterson") and named plaintiff Kevin Kelly (together, "Plaintiffs") to transfer venue pursuant to 28 U.S.C. § 1404(a).[1]

## INTRODUCTION

Motions to transfer venue under 28 U.S.C. § 1404(a) implicate not only private considerations of convenience but also "the interest of justice," including the "public-interest factors of systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (citation omitted). Plaintiffs' motion to transfer venue reflects why these equitable principles matter.

Plaintiffs' motion is premised on their assertions that Peterson would be substantially burdened by litigating the case in this forum, and that this forum has "no connection to this case." (*See* Motion to Transfer Venue ("Mot.") at 2, 6-7.) But Plaintiffs ignore both that this is a putative class action and that they have either omitted those assertions or explicitly contradicted them in previously litigating before this Court. In availing themselves of the forum, Plaintiffs represented that "the alleged misstatements entered and subsequent damages took place within this judicial district." (ECF No. 28, ¶ 33.) And in seeking lead plaintiff status, Peterson invoked her willingness and ability to provide testimony in this Court and to vigorously represent the claims of the class in this Court—without mentioning any substantial hardships she would face in doing so. (*See* ECF No. 13, at 3, 6.) Under these circumstances, transferring the case would facilitate the type of gamesmanship and forum shopping that § 1404(a) was designed to avoid.

---

[1] Per the contemporaneously filed Notice of Suggestion of Death, Defendant Gregory E. Hyland is deceased.

Moreover, Plaintiffs do not come close to carrying their "burden of making out a strong case for transfer"—a burden that must be satisfied by "clear and convincing evidence." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010) (citation omitted). While Plaintiffs rely heavily on their choice of forum, they overlook the well-established principle that, in putative class actions, "the residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors." *Garity v. Tetraphase Pharm. Inc.*, No. 1:18-cv-06797 (ALC), 2019 WL 2314691, at *3 (S.D.N.Y. May 30, 2019) (citation omitted).

Plaintiffs' arguments invoking the convenience of the parties and witnesses are similarly unconvincing.[2] Defendants are willing to appear in New York to facilitate the Company's defense, and Plaintiffs otherwise fail to identify any specific witnesses who would be inconvenienced if the case proceeds in this Court. *See Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 208-09 (S.D.N.Y. 1998) (change of venue cannot be predicated on "[v]ague generalizations [about 'probable' witnesses] and failure to clearly specify the key witnesses to be called"). Indeed, to the contrary, there are several former Mueller employees in the Massachusetts area that may have relevant knowledge, and New York is more convenient than either South Carolina or Georgia for those potential witnesses. In addition, given that lead plaintiff Peterson would not be inconvenienced by a one-hour flight to Atlanta—the location of her alternative chosen forum—the possible need for her to take a two-hour flight to New York hardly warrants transferring the case. *See id.* at 209 ("[One] extra [travel] hour[] . . . does not warrant transfer of [the] case."). Plaintiffs' assertion that convenience "is the most important

---

[2] Under the Private Securities Litigation Reform Act, discovery in this case will be stayed during the pendency of Defendants' forthcoming motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, convenience simply is not an issue unless and until Defendants' motion to dismiss is denied. This opposition brief is nonetheless premised on the assumption that discovery will proceed in this Court.

factor in deciding a motion to transfer venue" (Mot. at 6)—but a de minimus change in travel time is unacceptable—creates a strong impression of forum shopping and gamesmanship.

Because Plaintiffs have failed to make a strong showing that transfer is warranted, their motion should be denied.

### BACKGROUND

**A.    Plaintiffs' Complaints and Motions for Appointment as Lead Plaintiff and Lead Counsel**

In April 2019, original plaintiff Glen Chapman filed a putative class action complaint alleging claims against Defendants under sections 10(b) and 20(a) of the Securities Exchange Act based on allegations with the benefit of hindsight that certain later-taken higher-warranty reserves for so-called "smart meters" should have been taken earlier. (*See* ECF No. 1.) While Mueller is headquartered in Atlanta, it also at the time had a facility in Massachusetts that was responsible for the design, development and testing of the smart meters. *See* Mueller Water Products, Inc., Annual Report (Form 10-K) (Nov. 22, 2016), at 5 (noting that Mueller "designs and supports [advanced metering infrastructure] systems in Middleborough, Massachusetts"). In support of filing his complaint in this forum, Chapman alleged that "[s]ubstantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District," and that "[m]any of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District." (*Id.* ¶ 11.)

In June 2019, Chapman and prospective plaintiff Andrea Peterson separately moved to serve as lead plaintiff for the putative class. (*See* ECF Nos. 13, 15.) In support of her motion, Peterson represented that "she is willing to serve as representative of the class" in this Court and "to provide testimony at deposition and trial" in this Court. (ECF No. 13, at 3.) Peterson further represented that she "has the ability to represent the claims of the class vigorously" in this Court.

3

(*Id.* at 6.)   Similarly, in seeking appointment as lead counsel, the Rosen Law Firm, P.A. ("Rosen"), located in New York, highlighted its experience serving "as lead counsel in securities class action in this District."  (*Id.* at 7.)   Neither Peterson nor Rosen mentioned Petersen's residence or any hardships she would face in traveling to this District, and they otherwise gave no indication that venue in this District was inappropriate or inconvenient.

On June 26, 2019, this Court granted Peterson's and Rosen's motions, appointing Peterson as lead plaintiff and Rosen as lead counsel.  (ECF No. 22.)

On September 18, 2019, Peterson filed an amended complaint.  (*See* ECF No. 28 ("AC").) Peterson was joined by Kevin Kelly, a named plaintiff residing in California who appeared for the first time after Peterson was appointed lead plaintiff.   Like in the original complaint, Plaintiffs asserted that "the alleged misstatements entered and subsequent damages took place within this judicial district."  (*Id.* ¶ 33.)   Portions of the amended complaint rely on analyst reports issued by Boenning & Scattergood, an asset management firm headquartered in Pennsylvania.  (*Id.* ¶¶ 142, 190.)

### B.    Plaintiffs' Motion to Transfer Venue

Plaintiffs now move to transfer venue to the United States District Court for the District of South Carolina, Charleston Division, or, alternatively, to the United States District Court for the Northern District of Georgia.  (Mot. at 1.)  In stark contrast to the allegations in the amended complaint, Plaintiffs now contend that venue in this District is <u>not</u> "appropriate" because New York has "<u>no</u> connection to this case."  (*Id.* at 6 (emphasis added).)  In addition, for the first time, Plaintiffs reveal that lead plaintiff Peterson resides in South Carolina and "would be substantially inconvenienced in having to travel to New York" because she is the mother of a ten-month-old and an eight-year-old, is self-employed and cares for both of her parents, who suffer from dementia, on a daily basis.  (*Id.* at 2, 6.)

4

## ARGUMENT

## PLAINTIFFS' MOTION TO TRANSFER VENUE SHOULD BE DENIED

Plaintiffs acknowledge the multifactor inquiry that governs motions to transfer venue under 28 U.S.C. § 1404(a).  (Mot. at 3.)  Missing from this summary, however, is a recognition that they carry the "burden of making out a strong case for transfer," and that they must satisfy that burden by "clear and convincing evidence."  *N.Y. Marine*, 599 F.3d at 113-14 (citation omitted).  "Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored."  *U.S. Commodity Futures Trading Comm'n v. Wilson*, 27 F. Supp. 3d 517, 537 (S.D.N.Y. 2014) (alteration in original) (citation omitted).

## I.    Transferring This Action Is Not in the Interest of Justice

"The 'interest of justice' is a separate component of the Court's § 1404(a) transfer analysis . . . and 'may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.'"  *UFH Endowment, Ltd. v. Nev. Manhattan Mining, Inc.*, No. 98 CIV. 5032(DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000) (alteration in original) (citation omitted).  It is a broad concept that vests district courts with flexibility to consider "public-interest factors of systemic integrity and fairness."  *Stewart*, 487 U.S. at 30.  Here, that goal would be undermined by transfer.

### A.    Plaintiffs' Litigation of Their Claims in This Court Weighs Against Transfer

All of the facts underlying Plaintiffs' transfer motion existed at the time they appeared in this action, yet Plaintiffs proceeded to affirmatively litigate in this Court by moving for lead plaintiff status without concurrently seeking transfer.  *Cf. Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) ("In addition to moving for consolidation and appointment as lead plaintiff, the CSIQ Investor Group has moved to transfer the Action to the Northern District

of California."). Plaintiffs then stipulated to a briefing schedule on a potential motion to dismiss (*see* ECF No. 23) and, over three months after appearing in this action, filed an amended complaint. Plaintiffs' conduct weighs heavily against transfer. *See Purdessy v. Bojangles', Inc.*, No. 18 Civ. 11649 (VM), 2019 WL 2461805, at *2 (S.D.N.Y. May 24, 2019) (holding that the fact that movant "requested transfer of the action some five months after its filing, and roughly two months after stipulating to a briefing schedule before this Court with regard to their anticipated motion to dismiss . . . further undermines the case for transfer").

Further, as Plaintiffs acknowledge (Mot. at 8-9), "[t]he threshold question when deciding a § 1404(a) motion by a plaintiff is whether [the] plaintiff has shown that a change in circumstance since the complaint was filed warrants a transfer." *Trehern v. OMI Corp.*, No. 98 Civ. 0242 RWS, 1999 WL 47303, at *3 (S.D.N.Y. Feb. 1, 1999). "Examples of changes in circumstances warranting transfer include: a state court ruling making a defendant amenable to suit in the transferee state, and the pendency of a related action filed by a plaintiff in the transferee district." *Universal Marine Med. Supply, Inc. v. Lovecchio*, No. 98-CV-3495 (ILG), 1999 WL 441680, at *2 (E.D.N.Y. May 7, 1999) (citation omitted). This rule is intended to discourage plaintiffs from voluntarily litigating in a forum and then deciding, based solely on preexisting strategic considerations, that their interests would be better served by proceeding elsewhere. *See id.* at *3 (refusing to transfer where plaintiff found it "strategically imprudent to prosecute its action" in the Eastern District of New York after filing suit).

Here, Plaintiffs have not sufficiently identified any changed circumstances that would warrant transfer. While Plaintiffs argue that the June 2019 appointment of Peterson as lead

plaintiff constitutes changed circumstances (Mot. at 8-9), they identify no authority to support that argument.[3]

Plaintiffs' argument should be rejected for the reasons indicated above.  In moving for lead plaintiff status, stipulating to a briefing schedule, and filing an amended complaint, Plaintiffs have voluntarily litigated in this forum in a manner inconsistent with a finding of "changed circumstances" that would justify transfer.  *Cf. Purdessy*, 2019 WL 2461805, at *2.

**B.      Plaintiffs' Prior Inconsistent Positions Warrant Denying Their Motion**

Section 1404(a) was not designed to facilitate forum shopping and other forms of litigation gamesmanship.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("[Section] 1404(a) should not create or multiply opportunities for forum shopping.").  Granting Plaintiffs' motion would do just that.  In seeking lead plaintiff status, Peterson relied on her willingness and ability to provide testimony and vigorously represent the claims of the class in this Court.  (*See* ECF No. 13, at 3, 6.)  In doing so, she failed to mention the evidently substantial burdens that litigating this case in New York would impose upon her.  Those substantial burdens are clearly relevant to Peterson's fitness as a lead plaintiff—a "critical party" with a "fiduciary duty to thousands of absent class members."  (Mot. at 6.)  Plaintiffs should not be permitted to now invoke those burdens in support of transferring the case.  (*See* Mot. at 2, 6-7.)

Even more troubling, in seeking to litigate in this Court, Plaintiffs represented that venue in this District is "proper" because "the alleged misstatements entered and subsequent damages

---

[3] While not cited by Plaintiffs, there is one case within this District where the court held that the need to show changed circumstances did "not apply where . . . a lead plaintiff did not file a complaint in the forum but instead . . . merely filed a motion for appointment as lead plaintiff."  *In re Anadarko Petroleum Corp.*, No. 10 CIV. 05894 (PGG), 2012 WL 12894796 at *4 (S.D.N.Y. Mar. 19, 2012).  But *Anadarko* is distinguishable on the grounds that the court there also considered the fact that there was related litigation in the transferee forum and that the lead plaintiffs had specifically asserted that most witnesses, including non-party witnesses, were located in the transferee forum.  *See id.* at *8, 10.  Those considerations weigh against transfer here.  Moreover, to the extent *Anadarko* can be read more broadly to apply here, Defendants respectfully disagree with its holding as inconsistent with the public interest factors underlying § 1404(a).

7

took place within this judicial district." (AC ¶ 33; *accord* ECF No. 1, ¶ 11 ("Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.").)  Now, in seeking transfer, Plaintiffs represent that New York has "no connection to this case" and that this District is not "an appropriate venue." (Mot. at 6.)  Plaintiffs' representations are flatly inconsistent.  The Court should not countenance such gamesmanship by granting Plaintiffs' requested transfer.  *Cf. A & E Television Networks, LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422(PGG), 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011) (denying transfer where party successfully took "an inconsistent position in a prior proceeding, and . . . the inconsistent position [was] adopted by the court in some matter" (second alteration in original) (citation omitted)).  Doing so would contravene the "public-interest factors of systemic integrity and fairness" underlying § 1404(a). *Stewart*, 487 U.S. at 30.

## II.      Plaintiffs' Choice of Forum Is Entitled to Little to No Weight

Nor have Plaintiffs demonstrated that any of the other factors relevant to the Court's analysis support transfer.  First, in contending that this Court must "give the plaintiff's choice of venue 'substantial consideration'" (Mot. at 4, 8), Plaintiffs misrepresent the law.  It is well established that "a plaintiff's choice of forum 'is afforded little weight' in a purported class action, . . . where 'numerous plaintiffs [are] each possibly able to make a showing that a particular forum is best suited.'"  *In re ChannelAdvisor Corp. Sec. Litig.*, No. 15-CV-506 (AJN), 2015 WL 4064625, at *1 (S.D.N.Y. July 2, 2015) (second alteration in original) (citation omitted); *accord Garity*, 2019 WL 2314691, at *2 ("[C]ourts afford little weight to a plaintiff's choice of forum in a securities class action.").  In fact, as this court recently noted, "the residence of a class representative is often a mere happenstance, which may be discounted by a court when

8

weighing transfer factors." *Garity*, 2019 WL 2314691, at *3 (citation omitted). This is especially true where, as here, "the central issues in this case relate to facts and circumstances outside the personal knowledge of the plaintiffs—including the accuracy of [defendants'] statements and the defendants' state of mind." *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629(MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000).

Relatedly, while Plaintiffs assert that "Defendants' allegedly false and misleading SEC filings, press releases and conference calls were transmitted to Lead Plaintiff in the District of South Carolina" (Mot. at 5), that argument likely applies to "thousands" of unnamed plaintiffs (Mot. at 6) in numerous jurisdictions, including this one. Indeed, Plaintiffs allege as much in their complaint. (*See* AC ¶ 33.)

Accordingly, Plaintiffs' choice of forum in this putative securities class action is entitled to little to no weight. *See Cummings v. Chesapeake Energy Corp.*, No. 16-CV-2338 (VEC), 2016 WL 9527989, at *3 (S.D.N.Y. June 7, 2016) (choice of forum was a "neutral" factor that did not "militate against transfer given that less weight is given to a class-action plaintiff's choice of venue than is accorded to an individual Plaintiff's choice of forum"); *Tate-Small v. Saks Inc.*, No. 12 CV 1008(HB), 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012) (choice of forum in class action was a "largely neutral consideration[]").

**III.   Plaintiffs Have Failed to Establish That the
        Remaining § 1404(a) Factors Strongly Support Transfer**

**A.   Plaintiffs Have Not Demonstrated That Convenience and Trial Efficiency
        Support Transfer**

Plaintiffs do not come close to making a "strong" showing by "clear and convincing evidence" that convenience or trial efficiency favors transfer. *N.Y. Marine*, 599 F.3d at 113-14 (citation omitted). Plaintiffs argue that the District of South Carolina would be more convenient for Lead Plaintiff and "likely for the witnesses in this case." (Mot. at 6-7.) In assessing this

factor, however, the moving party "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 (JMF), 2015 WL 5751252, at *7 (S.D.N.Y. Sept. 30, 2015) (citation omitted). Plaintiffs do not even attempt to do so. Instead, Plaintiffs vaguely assert that the District of South Carolina would be more convenient for "Defendants and likely witnesses." (Mot. at 7.) That assertion is plainly insufficient. *See Orb Factory, Ltd.*, 6 F. Supp. 2d at 208-09 ("[V]ague generalizations [about 'probable' witnesses] and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a change of venue . . . .").

Moreover, Plaintiffs' concern about convenience for Defendants' witnesses is disingenuous. Convenience is not an issue for the Defendants or any witnesses currently affiliated with the Company: all are willing to appear in New York to facilitate the Company's defense. *See Canale ex rel. Othmer v. Manco Power Sports, LLC*, No. 06 Civ. 6131(PKL), 2007 WL 2406904, at *4 (S.D.N.Y. Aug. 20, 2007) ("The Court will allow the parties to make their own determination about their own convenience."). That fact is virtually dispositive of this issue, as "trials in securities class actions focus almost entirely on the defendants' conduct." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998); *see also In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806(DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (noting that key witnesses will frequently be the "officers and employees of [the issuer] who participated in drafting or distributing" the allegedly false or misleading statements).

Plaintiffs' argument that the District of South Carolina is more convenient because it is "closer to Mueller's corporate headquarters" is similarly misplaced given that Defendants are willing to appear in this District. This court has declined "to adopt a rule that would tend to

10

make the defendant's headquarters the presumptive venue for securities class actions." *Purdessy*, 2019 WL 2461805, at *1.  In addition, "travel to South Carolina" would not, in fact, make a difference for Defendants, as flights to New York from Atlanta are a mere one hour longer than flights to South Carolina.[4]  *See Orb Factory, Ltd.*, 6 F. Supp. 2d at 209 (where difference in travel was one extra hour, "[t]his extra hour[] . . . does not warrant transfer of [the] case").

While Plaintiffs assert that Ms. Peterson would be "substantially inconvenienced" by having to travel the two hours from South Carolina to New York "for deposition and trial," they ignore the possibility that she could be deposed in her home state.  *See In re Glenayre Techs., Inc. Sec. Litig.*, 982 F. Supp. 294, 300 (S.D.N.Y. 1997) (denying transfer motion where relevant witnesses could be deposed in their home state), *aff'd sub nom. Kwalbrun v. Glenayre Techs., Inc.*, 201 F.3d 431 (2d Cir. 1999) (table); *Purdessy*, 2019 WL 2461805, at *2 (convenience of witnesses did not favor transfer where opposing party "represents that her counsel will take depositions at locations the deponents deem convenient").

Plaintiffs argue that, in the alternative, this action should be transferred to Atlanta because "Atlanta is a one-hour flight from where Lead Plaintiff resides."  (Mot. at 7.)  But the difference between a one-hour flight to Atlanta and a two-hour flight to New York hardly warrants transferring the case.  *See Orb Factory, Ltd.*, 6 F. Supp. 2d at 209 ("[One] extra [travel] hour[] . . . does not warrant transfer of [the] case."); *Eslworldwide.com, Inc. v. Interland, Inc.*, No. 06 CV 2503(LBS), 2006 WL 1716881, at *4 n.2 (S.D.N.Y. June 21, 2006) (holding that burden of traveling several more hours where party must travel anyway is not legally significant); *see also Colabufo v. Cont'l Cas. Co.*, No. 04-CV-1863(TCP)(MLO), 2006 WL 1210919, at *3 (E.D.N.Y. Apr. 27, 2006) ("[Movants'] arguments concerning 'convenience' are seriously

---

[4] This Court may take judicial notice of commercial flight schedules.  *See F.A.A. v. Landy*, 705 F.2d 624, 635 (2d Cir. 1983) ("The court may take judicial notice of frequent flights from New York to Tampa . . . .").  Flight times between New York, Charleston, and Atlanta can be compared at www.google.com/flights.

11

undermined by their request in the alternative that the action be transferred to [other districts].”). Where, as here, “there is no single forum which is ideal and the [movant] has not demonstrated that the inconvenience in one forum will be much greater than another, courts have denied motions to change venue.” *Colabufo*, 2006 WL 1210919, at *3.

Noticeably absent from Plaintiffs’ discussion of convenience is any mention of named plaintiff Kevin Kelly, who was not previously mentioned in this action until he appeared for the first time on the amended complaint.  This is unsurprising, as Kelly is a resident of Dublin, California.  (*See* ECF No. 28, at 70.)  The closest major city to Dublin is San Francisco, and unlike San Francisco and New York, there currently are no direct commercial flights between San Francisco and South Carolina.

Finally, after both Defendants and Plaintiffs retained New York counsel, transfer would require both parties to retain additional counsel in either in South Carolina or Georgia.  Transfer would thereby impose additional and otherwise wholly unnecessary costs for both sides.  *Cf. Gendreau v. Kigawa*, No. 13cv3217 (LTS)(DCF), 2014 WL 6487426, at *12 (S.D.N.Y. Nov. 14, 2014) (noting that the “burden and expense of having to secure new counsel” weighs against transfer).

> **B.      The Availability of Process to Compel the Attendance of Unwilling Witnesses Does Not Support Transfer**

Contrary to Plaintiffs’ unsupported assertion (Mot. at 7), the availability of process to compel the attendance of unwilling witnesses does not support transfer.  Neither party has identified any witnesses outside of this Court’s subpoena power who would be unwilling to testify at trial.  *See Bassali v. Johnson Controls, Inc.*, No. 06 cv 4149(KMW), 2008 WL 45750, at *4 (S.D.N.Y. Jan. 2, 2008) (concluding that this factor was “neutral” where “neither party has made any representation that any . . . relevant non-party fact witnesses would be unwilling to

testify in a distant forum"); *Hummingbird USA, Inc. v. Tex. Guaranteed Student Loan Corp.*, No. 06-cv-7672(LTS)(GW), 2007 WL 163111, at *3 (S.D.N.Y. Jan. 22, 2007) (same).  In any event, parties have "the option of videotaping testimony of witnesses unwilling to travel." *DealTime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000).  Plaintiffs do not address, much less dispute, the adequacy of this alternative. *See Sovereign Bank v. Ellis*, No. 09 Civ. 02597(PGG), 2009 WL 2207922, at *4 (S.D.N.Y. July 23, 2009) (dismissing factor where movants failed to show "'how they w[ould] be prejudiced by presenting the testimony . . . through depositions'" (citation omitted)).

Further, Mueller had a facility in Massachusetts involved with the "smart meters" at issue here.  *See* Mueller Water Products, Inc., Annual Report (Form 10-K) (Nov. 22, 2016), at 5. While that facility is no longer open, former employees still reside in that area.  It would be more convenient for those former employees to travel to New York than to South Carolina or Georgia.

## C.     The Locus of Operative Facts Is Not Determinative

Plaintiffs argue that the case should be transferred because the locus of operative events in this case is purportedly Atlanta, Georgia, where Mueller is located.  (Mot. at 7.)  As a threshold matter, however, Plaintiffs' "mere assertion is not enough to meet its burden to establish that its proposed forum is a locus of operative facts." *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, No. 5:12-CV-1766 (LEK/ATB), 2013 WL 4805801, at *16 (N.D.N.Y. Sept. 9, 2013).

In any event, as noted, this court has declined "to adopt a rule that would tend to make the defendant's headquarters the presumptive venue for securities class actions." *Purdessy*, 2019 WL 2461805, at *1.  Given that Defendants are willing to appear in this forum, transferring the case to Georgia solely based on the location of Mueller's headquarters is unwarranted. *See id.* ("[A]lthough '[the company's] Proxy and the other statements to investors referenced in the

13

Complaint' may well have been 'prepared, issued, or made from' the [company's] headquarters in Charlotte, North Carolina, the Court does not find this fact determinative." (citation omitted)).

**D.     The Remaining Factors Do Not Support Transfer**

The parties agree that the remaining factors—the location of relevant documents and ease of access to sources of proof, the forum's familiarity with the governing law and the relative financial means of the parties—are neutral (*see* Mot. at 7-8), and thus do not support transfer.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to transfer venue should be denied.

Dated:  New York, New York
       October 3, 2019

                                     Respectfully submitted,

                                     /s/ Jay B. Kasner
                                     Jay B. Kasner
                                     Scott D. Musoff
                                     SKADDEN, ARPS, SLATE,
                                       MEAGHER & FLOM LLP
                                     Four Times Square
                                     New York, NY 10036
                                     Phone: (212) 735-3000
                                     Fax:    (212) 735-2000
                                     jay.kasner@skadden.com
                                     scott.musoff@skadden.com

                                     *Attorneys for Defendants Mueller Water Products, Inc., J. Scott Hall, Evan L. Hart and Marietta Edmunds Zakas*

14