**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLEN CHAPMAN, ANDREA PETERSON, AND KEVIN KELLY Individually and On Behalf of All Others Similarly Situated, | Case No. 19-cv-03260 (KPF) |
| Plaintiffs, | <u>JURY TRIAL DEMANDED</u> |
| v. | <u>CLASS ACTION</u> |
| MUELLER WATER PRODUCTS, INC., GREGORY E. HYLAND, J. SCOTT HALL, EVAN L. HART, and MARIETTA EDMUNDS ZAKAS, | |
| Defendants. | |

**INVESTORS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
<u>**MOTION TO TRANSFER VENUE**</u>

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT....................................................................................................................... 2

    THIS ACTION SHOULD BE VENUED IN THE DISTRICT OF SOUTH CAROLINA OR
    THE NORTHERN DISTRICT OF GEORGIA ........................................................... 2

        1.    Court Appointed Lead Plaintiff's Choice of Forum Favors Transfer ............................. 2

        2.    Lead Plaintiff is Not Required to Show a "Change in Circumstance"............................. 5

        3.    The Most Critical Convenience Factor Weighs in Favor of Transfer............................. 6

        4.    Defendants Accusations of "Forum Shopping" and "Gamesmanship" are Baseless....... 7

        5.    No Party Would be Prejudiced by Transfer ................................................................... 8

CONCLUSION.................................................................................................................... 9

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*A&E Television Networks, LLC v. Pivot Point Entm't, LLC*,
No. 10 CIV 9422 PGG, 2011 WL 182083 (S.D.N.Y. Jan. 18, 2011) ........................................ 8

*Garity v. Tetraphase Pharm. Inc.*,
No. 1:18-CV-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ............................... 3

*Gendreau v. Kigawa*,
No. 13CV3217 LTS DCF, 2014 WL 6487426 (S.D.N.Y. Nov. 14, 2014) ................................. 9

*In re Anadarko Petroleum Corp.*,
No. 10 CIV. 05894 (PGG), 2012 WL 12894796 (S.D.N.Y. Mar. 19, 2012) ...................... 4, 5, 6

*In re CenturyLink, Inc. Sec. Litig.*,
No. 13 Civ. 03839 (LTS), 2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014) ................................. 3

*In re Cuyahoga Equip. Corp.*,
980 F.2d 110 (2d Cir. 1992) ..................................................................................................... 3

*In re Stillwater Mining Co. Sec. Litig.,*
No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003) .................................. 1

*In re Warrick*,
70 F.3d 736 (2d Cir. 1995) ....................................................................................................... 3

*Purdessy v. Bojangles', Inc.*,
No. 18 CIV. 11649 (VM), 2019 WL 2461805 (S.D.N.Y. May 24, 2019) ................................. 5

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) .............................................................................................. 5

*Royal & Sunalliance v. British Airways*,
167 F. Supp. 2d 573 (S.D.N.Y. 2001) ...................................................................................... 6

*Stein v. Teekay Corp.*,
No. 3:16-CV-00345 (VAB), 2016 WL 10490287 (D. Conn. Nov. 18, 2016) ........................... 3

*Trehern v. OMI Corp.*,
No. 98 CIV. 0242 RWS, 1999 WL 47303 (S.D.N.Y. Feb. 1, 1999) .......................................... 5

*Truk Int'l Fund, LP v. Wehlmann*,
No. 08CIV.8462(PGG), 2009 WL 1456650 (S.D.N.Y. May 20, 2009) .................................... 6

ii

*U.S. Fid. & Guar. Co. v. Republic Drug Co.*,
   800 F. Supp. 1076 (E.D.N.Y. 1992)...................................................................................... 6

*Universal Marine Med. Supply, Inc. v. Lovecchio*,
   No. 98-CV-3495(ILG), 1999 WL 441680 (E.D.N.Y. May 7, 1999) ......................................... 5

*Williams v. City of New York*,
   No. 03 Civ. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) .................................... 3

*Wilson v. DirectBuy, Inc.*,
   821 F. Supp. 2d 510 (D. Conn. 2011) ................................................................................... 1, 3

## **Statutes**

28 U.S.C. § 1404(a) .............................................................................................................. 2

## **INTRODUCTION**

The facts that courts consider in evaluating transfer motions weigh in favor of transfer to either the United States District Court for the District of South Carolina or the United States District Court for the Northern District of Atlanta. The Southern District of New York has no meaningful connection to the parties or the underlying events. Defendants' overzealous opposition to Investors' motion to transfer overstates the burden associated with a motion to transfer especially under circumstances where, as here, Lead Plaintiff never selected the forum in the first place. Notably, Defendants are unable to identify a single meaningful connection to New York. Nor have Defendants identified how they would be prejudiced by transfer.

First, Defendants ignore that the district court has broad discretion in granting a motion to transfer. *In re Stillwater Mining Co. Sec. Litig.,* No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003).

Second, Defendants render the deference courts give to plaintiff's choice of forum in securities class action a nullity. In truth, courts consider a plaintiff's choice of forum in securities class actions, although they give it less consideration in an individual action. *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 516 (D. Conn. 2011) ("the Second Circuit ... has acknowledged that district courts may give *less weight* to this factor in national class actions")[1].

Third, Defendants ignore that there has been a change in circumstance since Mr. Chapman filed the initial complaint: Ms. Peterson was appointed Lead Plaintiff. While Defendants accuse Lead Plaintiff of omitting facts in seeking appointment, the lead plaintiff motion was not the appropriate occasion to address the issue of potential transfer because Ms. Peterson had not yet

---

[1] All emphasis is added unless otherwise noted.

been appointed lead plaintiff. In any event, no court has held that a party the court appoints as lead plaintiff but who did not file an initial complaint is required to show a "change in circumstance."

Fourth, Defendants gloss over the additional factors 1404(a) factors ignoring that many non-party witnesses reside in Georgia who are outside of the Court's subpoena power.

Fifth, lacking any meaningful opposition to the motion on substantive grounds, Defendants accuse Lead Plaintiff of forum shopping and taking inconsistent positions because the Amended Complaint alleges that venue is proper in the S.D.N.Y.  There is no basis to accuse Lead Plaintiff of forum shopping where, as here, she did not select the forum in the first place and has set forth by affidavit specific reasons for requesting transfer.  And as Lead Plaintiff's opening brief states, in securities class actions venue is proper in any district of the United States for any publicly traded company on a national exchange such as Mueller.  *See* Investors' Memorandum of Law in Support of Motion to Transfer Venue ("Mot." at 4).  Most glaringly, Defendants have shown no reason why they would be prejudiced by transfer either to the District of South Carolina or the Northern District of Georgia.

**ARGUMENT**

**THIS ACTION SHOULD BE VENUED IN THE DISTRICT OF SOUTH CAROLINA OR THE NORTHERN DISTRICT OF GEORGIA**

### 1. *Court Appointed Lead Plaintiff's Choice of Forum Favors Transfer*

Lead Plaintiff did not file the initial complaint in this District.  Accordingly, she should not be bound by a venue decision made by another party prior to the Court's appointment of Lead Plaintiff in this case.

Defendants make short shrift of the deference courts afford to lead plaintiff's choice of forum. While it is true that plaintiff's choice of forum is accorded less deference in a class action, courts

have never held that it is entitled to *no* weight. *In re CenturyLink, Inc. Sec. Litig.*, No. 13 Civ. 03839 (LTS), 2014 WL 1089116, at \*3 (S.D.N.Y. Mar. 18, 2014) ("Though a plaintiff's choice of forum is generally entitled to considerable weight…such weight is ***reduced*** in a stockholder class action, where members of the class are dispersed throughout the nation.") (internal quotation marks omitted); *In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("the plaintiff's choice of forum is a ***less significant consideration*** in a ... class action than in an individual action"); *see also Stein v. Teekay Corp.*, No. 3:16-CV-00345 (VAB), 2016 WL 10490287, at \*3 (D. Conn. Nov. 18, 2016); *Wilson*, 821 F. Supp. 2d at 516 ("the Second Circuit ... has acknowledged that district ***courts may give less weight to this factor*** in national class actions").

Further, the court has "'considerable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456, at \*3 (S.D.N.Y. Feb. 21, 2006) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). Accordingly, the Court may use its broad discretion here to give as much deference as it chooses to Lead Plaintiff's selection of forum.

Where, as here, Lead Plaintiff has demonstrated compelling personal reasons for her choice of South Carolina or Georgia as the forum; the case is in its infancy; the SDNY has no connection to any party; and Defendants have demonstrated no prejudice, this Court should use its discretion to afford considerable weight to Lead Plaintiff's choice of forum.[2]

Defendants argue that Lead Plaintiff's litigation of her claims in this court weighs against transfer. (Opp. at 5). Defendants ignore that Plaintiff has not litigated anything in this forum. She

---

[2] *Garity v. Tetraphase Pharm. Inc.*, No. 1:18-CV-06797 (ALC), 2019 WL 2314691, at \*2–3 (S.D.N.Y. May 30, 2019) (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Transfer Venue ("Opp.") at 2, 8, 9) is distinguishable because there the court noted that plaintiff did not even mention his own residence in the complaint.

simply moved for appointment as lead plaintiff.  In fact, before she was appointed lead plaintiff Ms. Peterson had no standing to move to transfer.  As already stated, she did not select the forum in the first place, Mr. Chapman did.  *See* Mot. *passim.*

Courts have granted a lead plaintiff's motion to transfer where lead plaintiff made the motion after her appointment.  *See In re Anadarko Petroleum Corp.*, No. 10 CIV. 05894 (PGG), 2012 WL 12894796, at *4 (S.D.N.Y. Mar. 19, 2012) (transferring where lead plaintiff did not file complaint in the forum but merely filed a motion for appointment as lead plaintiff, as required by the PSLRA); *Reese v. Malone*, No. 07-7511-RGK (C.D. Cal. June 18, 2008) (Dkt. No. 60). (slip op.) (granting lead plaintiffs' transfer motion where lead plaintiffs had filed complaint in the district and filed motion in the district seeking appointment as lead counsel stating "Defendants fail to cite any authority supporting the proposition that filing a complaint in one district precludes a plaintiff from later transferring to another district: filing motion to serve as lead plaintiff is required by PSLRA and does not weigh against transfer motion; where no evidence of forum-shopping, transfer granted in the interests of justice).

Nor has Lead Plaintiff taken any "inconsistent positions." (Opp. at 7-8). Defendants mischaracterize Lead Plaintiff's request for transfer as contradicting her representation that she is willing and able to provide testimony in this Court. (Opp. at 1-2; 7-8). To be clear, Lead Plaintiff's dedication to this case and willingness and ability to provide testimony in this Court stands.  Lead Plaintiff's Motion simply states that litigating this case in South Carolina or Georgia would be more convenient for her, reducing the personal burdens she faces associated with overnight travel to New York.

4

### *2.* *Lead Plaintiff is Not Required to Show a "Change in Circumstance"*

Defendants audaciously misstate Plaintiffs' motion as "acknowledge[ing] [that] the threshold question when deciding a 1404(a) motion by a plaintiff is whether [the] plaintiff has shown that a change in circumstance since the complaint was filed warrants a transfer." (Opp. at 6).  Plaintiff's motion states no such thing.  Instead it anticipates Defendants as arguing as much.  (Mot. at 8).

Defendants cite no analogous authority holding that where the lead plaintiff did not file the initial complaint she is required to establish a "change in circumstances.[3]" To the contrary, Defendants acknowledge this Court's decision in *In re Anadarko Petroleum Corp.*, No. 10 CIV. 05894 (PGG), 2012 WL 12894796, a*4 (S.D.N.Y. Mar. 19, 2012) where the Court held that a lead plaintiff is *not* required to show a change of circumstances in order to prevail on a motion to transfer.  (Opp. fn. 3).  As this Court stated in *Anadarko:*

> Defendants have not cited any authority suggesting that the change in circumstances standard applies where a lead plaintiff who did not file a complaint in the district seeks a transfer. The logic behind the "changed circumstances" rule is that the plaintiff initially has the choice of forum and thus it is "sensible" to require a plaintiff who initially chooses a forum to explain why it is not in the interests of justice for the case to proceed in that forum. ***That logic does not apply where, as here, a lead plaintiff did not file a complaint in the forum but instead— as required by the Private Securities Litigation Reform Act ("PSLRA")—merely filed a motion for appointment as lead plaintiff. In any event, even where a lead plaintiff has filed a complaint in the forum, courts have not hesitated to grant a lead plaintiff's transfer motion where transfer is in the interests of justice***

> *Id.* At *4. (internal citations and quotations omitted).

---

[3] In *Purdessy v. Bojangles', Inc.*, No. 18 CIV. 11649 (VM), 2019 WL 2461805 (S.D.N.Y. May 24, 2019) (Opp. at 6) defendants sought transfer. In *Trehern v. OMI Corp.*, No. 98 CIV. 0242 RWS, 1999 WL 47303 (S.D.N.Y. Feb. 1, 1999) (Opp. at 6) lead plaintiff filed the initial complaint. In *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112 (S.D.N.Y. 2010) (Opp. at 5) the court did not apply a "change in circumstances" requirement. Further, in *Janbay* the co-lead plaintiff seeking transfer to California lived in New York, weighing in favor or retaining venue in New York. *Universal Marine Med. Supply, Inc. v. Lovecchio*, No. 98-CV-3495(ILG), 1999 WL 441680 (E.D.N.Y. May 7, 1999) (Opp. at 6) was not a class action.

In any case, here Lead Plaintiff has shown a change in circumstances since Mr. Chapman filed the initial complaint, i.e. her appointment as Lead Plaintiff.

### 3. *The Most Critical Convenience Factor Weighs in Favor of Transfer*

This Court has held that the convenience of the witnesses is generally the most important factor in deciding whether to transfer venue. *Truk Int'l Fund, LP v. Wehlmann*, No. 08CIV.8462(PGG), 2009 WL 1456650, at *3 (S.D.N.Y. May 20, 2009) (citations omitted). Moreover, "the convenience of non-party witnesses is accorded more weight than that of party witnesses." *Id; Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("convenience of non-party witnesses is more significant than that or party witnesses.").

Defendants assert that this is not an issue because Defendants "and witnesses *currently affiliated* with the Company" are willing to appear in New York. While this case is in its infancy and it is not possible to identify all the witnesses at this stage, Defendants ignore that numerous non-party witnesses are based in Atlanta and will be material witnesses in this litigation. If this case proceeds in New York, these third-party witnesses would not be subject to compulsory process. *See U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1082 (E.D.N.Y. 1992) (availability of compulsory process of key witnesses is an important consideration).

Defendants' assertion that Mueller used to have a facility in Massachusetts and their speculation that those employees still live there goes nowhere, as Massachusetts is beyond the subpoena power of this Court. In contrast, no Defendant, party witness, or non-party witness is located in this District. *See, e.g., In re Anadarko Petroleum Corp.*, No. 10 CIV. 05894 (PGG), 2012 WL 12894796, at *8 (S.D.N.Y. Mar. 19, 2012) ("No party or non-party witness has been identified in the Southern District of New York. Indeed, Anadarko argues only that its current employees are amenable to appearing in New York.").

4. ***Defendants Accusations of "Forum Shopping" and "Gamesmanship" are Baseless***

In an attempt to compensate for their lack of substantive arguments, Defendants baselessly accuse Lead Plaintiff of gamesmanship and forum shopping. But Defendants have pointed to absolutely no ulterior motive in Lead Plaintiff's request for transfer. Defendants cannot contest the facts in Ms. Peterson's affidavit.

Defendants poke holes in Lead Plaintiff's assertion that while the District of South Carolina is Lead Plaintiff's forum of choice, the Northern District of Atlanta is more convenient than this forum because it is only a one-hour flight as opposed to the two-hour flight from her home in South Carolina to New York. But Defendants ignore the additional travel time associated with the congestion in New York City airports and the fact that the S.D.N.Y. courthouse is at minimum an hour drive from the airports. While this may be a minimal difference to Defendants for Lead Plaintiff it is not. Defendants' reliance on *Orb Factory Ltd. v. Design Science Toys, Ltd.*, 6. F. Supp. 2d 203 (S.D.N.Y. 1998) (Opp. at 2, 10, 11) is misplaced.  That case involved a one-hour difference in drive time between Albany as opposed to New York City.  The court found that the extra hours' drive did not warrant transfer because it merely shifted the inconvenience from one party to another (because many of plaintiff's witnesses resided in New York City whereas defendant was closer to Albany).  By contrast, here ***all*** parties are located closer to both the District of South Carolina and the Northern District of Georgia.

Nor has Lead Plaintiff taken any "inconsistent position" that should lead the Court to conclude that she is engaging in "gamesmanship."  Defendants mischaracterize Lead Plaintiff's request for transfer as contradicting her representation that she is willing and able to provide testimony in this Court. (Opp. at 1-2; 7-8).  As Lead Plaintiff stated in her Declaration in Support of Investors' Motion to Transfer Venue (Dkt. No. 31) she understands her fiduciary responsibility to absent

class members, is committed to her role as Lead Plaintiff and intends to seek appointment as a class representative. Dkt. No. 31, ¶¶5, 6.  Ms. Peterson's Declaration merely states that prosecution of the case in South Carolina or Georgia would be more convenient than prosecution of the case in New York where overnight travel for deposition and trial would entail greater burdens given her responsibilities in her roles as caretaker for her young children and parents.  Further, the Amended Complaint's allegation that venue is proper in the S.D.N.Y. is in no way inconsistent with Lead Plaintiff's request to transfer (Opp. at 4-5, 7).  As Lead Plaintiff's opening brief states, in securities class actions venue is proper in any district of the United States for any publicly traded company on a national exchange such as Mueller.  *See* Mot. at 4, citing *In re Geopharma, Inc.*, No. 04-CIV 9463 (SAS), 200 5WL 1123883, at *1 n. 12 (S.D.N.Y. May 11, 2005).

Defendants' reliance on *A&E Television Networks, LLC v. Pivot Point Entm't, LLC*, No. 10 CIV 9422 PGG, 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011) (Opp. at 8) completely misses the mark.  In *A&E*, a forum selection clause in a contract required that all disputes be litigated in New York.  One party (Pivot Point) had argued to a California court that a California action should be dismissed for improper venue because the contract provided that "New York…shall be the exclusive forum." *Id.*  The California court relied on the same argument and dismissed the action. *Id.* When that action between the same parties was subsequently filed in New York, Pivot Point took the directly opposite position claiming that the action should have been brought in California. *Id.* at *6.  This Court found venue to be appropriate in New York and held that the doctrine of judicial estoppel prevented Pivot Point from asserting these diametrically opposing positions about the same subject between the same parties.  Defendants do not explain how this case supports their position and instead cite it to mislead the court.

   5. *No Party Would be Prejudiced by Transfer*

8

In contrast to the factors favoring transfer to either the District of South Carolina or the Northern District of Georgia, this action has no meaningful connection to New York. The operative events did not occur in this District, no relevant documents are located in this District, no identified party or witness is located in this District and Defendants have no offices in this District. The only connection to New York is that is it is the jurisdiction the initial plaintiff filing the initial class action complaint – who was not selected as Court-appointed lead plaintiff- chose. Defendants' insistence on litigating hundreds of miles from Mueller's corporate headquarters and the Individual Defendants' residences does not overcome the facts demonstrating the appropriateness of transfer. Defendants have identified no prejudice to them if this case were transferred either to the District of South Carolina or the Northern District of Georgia. Defendants' assertion that they will be burdened by having to obtain additional counsel in either South Carolina or Georgia is overstated. Skadden Arps is one of the largest, most widely known and highly regarded national and international law firms in existence. Skadden doubtlessly has relationships with local counsel in both South Carolina and Georgia who they can readily engage to perform the very limited duties required of local counsel.[4]

## CONCLUSION

Investors respectfully request that the Court transfer this Action to the United States District Court for the District of South Carolina or alternatively, to the United States District Court for the Northern District of Georgia.

---

[4] By contrast, in the one case Defendants cite, *Gendreau v. Kigawa*, No. 13CV3217 LTS DCF, 2014 WL 6487426, at *11 (S.D.N.Y. Nov. 14, 2014) (Opp. at 12) plaintiff's New York Counsel represented that they would withdraw if the action were transferred to California. Here, Defendants' Counsel has not suggested that they would withdraw if the case were transferred. Indeed, there would be no reason for them to do so.

Dated: October 10, 2019                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           By: */s/ Sara Fuks*
                                           Laurence M. Rosen, Esq. (LR 5733)
                                           Phillip Kim, Esq. (PK 9384)
                                           Sara Fuks (SF 6034)
                                           275 Madison Ave., 34th Floor
                                           New York, NY 10016
                                           Tel: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: lrosen@rosenlegal.com
                                           Email: pkim@rosenlegal.com

                                           *Counsel for Investors*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Sara Fuks*

11