**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLEN CHAPMAN, ANDREA PETERSON, AND KEVIN KELLY Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MUELLER WATER PRODUCTS, INC., GREGORY E. HYLAND, J. SCOTT HALL, EVAN L. HART, and MARIETTA EDMUNDS ZAKAS, <br><br> Defendants. | Case No. 19-cv-03260 (KPF) <br><br> <u>JURY TRIAL DEMANDED</u> <br><br> <u>CLASS ACTION</u> |

<u>**INVESTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND**</u>

## TABLE OF CONTENTS

FACTUAL BACKGROUND .......................................................................................................... 1

    A.   Procedural History ....................................................................................................... 1

    B.   The Proposed Second Amended Complaint ................................................................. 2

ARGUMENT .......................................................................................................................... 2

    A.   RULE 15(A) PROVIDES A LIBERAL STANDARD FOR AMENDMENT ................... 2

    B.   INVESTORS' MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED ............ 4

        1.   Investors' Motion and the SAC is Timely and Not the Result of Bad Faith of Dilatory Motive ......................................................................................................................... 4

        2.   The Defendants Will Suffer No Prejudice ....................................................... 4

        3.   Investors' Proposed Amendments are Not Futile ........................................... 5

CONCLUSION ....................................................................................................................... 6

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Chu v. Sabratek Corp.*,
100 F. Supp. 2d 827 (N.D. Ill. 2000) .................................................................................. 5

*Del Rosario v. NYC Dep't of Corr.*,
No. 07 CIV. 2027 RJS/MHD, 2009 WL 1470482 (S.D.N.Y. May 15, 2009) ........................... 2

*Foman v. Davis*,
371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) .................................................... 3

*In re Livent, Inc. Noteholders Sec. Litig.*,
174 F. Supp. 2d 144 (S.D.N.Y. 2001) ................................................................................ 5

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
797 F.3d 160 (2d Cir. 2015) .............................................................................................. 3

*McNamara v. Bre-X Minerals Ltd.*,
197 F. Supp. 2d 622 (E.D. Tex. 2001) ............................................................................. 5

*Monahan v. New York City Dep't of Corr.*,
214 F.3d 275 (2d Cir. 2000) .............................................................................................. 4

*O'Hara v. Weeks Marine, Inc.*,
294 F.3d 55 (2d Cir. 2002) ................................................................................................ 3

*Richardson Greenshields Sec., Inc. v. Lau*,
825 F.2d 647 (2d Cir. 1987) .............................................................................................. 3

*Ronzani v. Sanofi S.A.*,
899 F.2d 195 (2d Cir. 1990) .............................................................................................. 3

*SCS Commc'ns, Inc. v. Herrick Co.*,
360 F.3d 329 (2d Cir. 2004) .............................................................................................. 3

*Slayton v. Am. Exp. Co.*,
460 F.3d 215 (2d Cir. 2006) .............................................................................................. 3

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981) .............................................................................................. 3

*Susie Ong v. Chipotle Mexican Grill, Inc.*,
No. 16 CIV. 141 (KPF), 2017 WL 933108 (S.D.N.Y. Mar. 8, 2017) ................................. 3, 5

*Union Carbide Corp. v. Siemens Westinghouse Power Corp.*,
No. 99 CIV. 12003 (LMM), 2002 WL 31387269 (S.D.N.Y. Oct. 23, 2002) ............................. 6

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) .................................................................. 3

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................ 1, 2, 3, 4

Lead Plaintiff Andrea Peterson and named Plaintiff Kevin Kelly (collectively "Investors" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for leave to file a Second Amended Class Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a).  A redlined copy of the proposed SAC is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

### A. Procedural History

On April 11, 2019 Glen Chapman filed an initial Complaint in this Court against Defendants Mueller Water Products, Inc., ("Mueller" or the "Company") Gregory Hyland, J. Scott Hall, Evan L. Hart and Marietta Edmund Zakas (collectively, "Defendants") alleging violations of the Federal Securities Laws. (Dkt. No. 1).

On June 16, 2019 Andrea Peterson, represented by the Rosen Law Firm, P.A. ("RLF"), filed a motion, pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to be appointed Lead Plaintiff and to have her selection of RLF as Lead Counsel approved.  (Dkt. No. 11).

On June 27, 2019 the Court issued an order appointing Peterson as Lead Plaintiff and approving Peterson's selection of RLF as Lead Counsel.  (Dkt. No. 22).

Pursuant to the Court's August 23, 2019 Order (Dkt. No. 26) Investors filed an Amended Class Action Complaint on September 17, 2017. (Dkt. No. 27) ("Amended Complaint"). The Amended Complaint is a federal securities class action on behalf of a class consisting of all persons and entities, other than Defendants, who purchased publicly traded common stock of Mueller on the New York Stock Exchange ("NYSE") during the period from May 9, 2016 through August 6, 2018, inclusive (the "Class Period").

On September 18, 2019 Investors filed a motion to transfer venue (Dkt. 29), which Defendants opposed (Dkt. 33).  On November 21, 2019 the Court held a telephonic conference on

Investors' motion to transfer venue.  That same day, the Court denied Investors' motion to transfer venue.  (11/21/2019 Minute Entry).

On November 1, 2019 Defendants filed a Motion to Dismiss the Amended Complaint. (Dkt. 39).  Per the August 23, 2019 briefing schedule stipulated to by Investors and Defendants and so-ordered by the Court, the deadline for Investors to oppose Defendants' Motion to Dismiss is December 16, 2019.  (Dkt. No. 26).

During the November 21, 2019 teleconference on Investors' Motion to Transfer Venue, Counsel for Investors' informed the Court that Investors intended to file a motion for leave to amend the Amended Complaint and file a Second Amended Complaint.

In the Court's November 21, 2019 minute entry the Court suspended briefing on the Defendants' Motion to Dismiss pending Investors' Motion to Amend, and ordered Investors to file a Motion to Amend and Second Amended Complaint by December 6, 2019 (11/21/2019 Minute Entry).

**B.  The Proposed Second Amended Complaint**

Investors' proposed SAC arises from the same course of conduct and alleges the same violations of the Securities Exchange Act of 1934 (the "Exchange Act") as the Amended Complaint.  The SAC provides additional detailed factual allegations relevant to falsity and scienter based upon interviews with confidential witnesses who are former employees of Mueller. *See generally* redlined draft of SAC.

**ARGUMENT**

**A.  RULE 15(A) PROVIDES A LIBERAL STANDARD FOR AMENDMENT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15; *see also Del Rosario v. NYC Dep't of Corr.*, No. 07 CIV. 2027 RJS/MHD, 2009 WL 1470482, at *1 (S.D.N.Y. May 15, 2009) (noting that leave to

2

amend should be "freely given") (internal citations omitted).  The standard for granting leave to amend is consistently characterized as liberal.  *See, e.g., Slayton v. Am. Exp. Co.*, 460 F.3d 215, 230 (2d Cir. 2006), *as amended* (Oct. 3, 2006) ("Leave to replead is to be liberally granted.").  "It is settled that the grant for leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) (*quoting Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 802, 28 L. Ed. 2d 77 (1971).  Further, "refusal to grant leave must be based on a valid ground." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990).

The permissive standard of freely granting leave to amend is especially pertinent in securities class action cases, such as this case. As this Court noted, "a securities fraud case 'combines a complex commercial reality with a long, multi-prong complaint,' the Circuit has encouraged courts to grant leave to amend, because 'pleading defects may not only be latent, and easily missed or misperceived without full briefing and judicial resolution; they may also be borderline, and hence subject to reasonable dispute.'" *Susie Ong v. Chipotle Mexican Grill, Inc.*, No. 16 CIV. 141, 2017 WL 933108, at \*19 (S.D.N.Y. Mar. 8, 2017) *quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

Denial of leave to amend is appropriate only where there is a showing of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 (2d Cir. 1987) (same) (*quoting State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 70 (2d Cir.

2002) (consideration of undue delay and prejudice to the opposing party are touchstone of a district court's discretionary authority to deny leave to amend.)  (Brackets and ellipses omitted.)

## B.  INVESTORS' MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

The circumstances in this case fully warrant granting leave to amend under Rule 15(a).  There is no evidence of undue delay, bad faith, dilatory motive or prejudice to Defendants.  Additionally, the proposed amendments to the SAC are not futile.

### 1.  Investors' Motion and the SAC is Timely and Not the Result of Bad Faith of Dilatory Motive

Investors filed the Amended Complaint on September 17, 2019.  Defendants filed their Motion to Dismiss on November 1, 2019.  Defendants' Motion to Dismiss has not yet been fully briefed and no discovery has taken place.  Accordingly, there has been no undue delay.  Investors' motion and the proposed SAC is not sought in bad faith or through dilatory motive, and there is no evidence to the contrary.

### 2.  The Defendants Will Suffer No Prejudice

Defendants will not suffer any prejudice as a result of the amended pleading. In determining what constitutes "prejudice," courts generally consider whether the assertion of the new claim or defense could (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) require significant additional resources to conduct discovery and prepare for trial; (iii) significantly delay the resolution or the dispute; or (iv) prevent the plaintiff from bringing a timely action in another jurisdiction.  *See e.g., Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000).  None of these factors is present here. Discovery has not yet commenced. Because the proposed amendments to the complaint do not expand the claims, the resources necessary for trial and discovery are not impacted.  Amendment will not delay resolution of the case beyond the short suspension of the motion to dismiss briefing

to allow time for the Court to decide the instant motion (should Defendants oppose it) and permit Defendants to file a revised or supplemental motion to dismiss.  Investors also do not intend to bring an action in another jurisdiction.

Nor would the need to file an additional or supplemental motion to dismiss prejudice Defendants.  Several district courts have allowed for repeated amendments to complaints despite motions to dismiss by the defendants.  *See In re Livent, Inc. Noteholders Sec. Litig.*, 174 F. Supp. 2d 144, 148 (S.D.N.Y. 2001) (third amended complaint); *McNamara v. Bre-X Minerals Ltd.*, 197 F. Supp. 2d 622, 629 (E.D. Tex. 2001) (fourth amended complaint); *Chu v. Sabratek Corp.*, 100 F. Supp. 2d 827, 844 & n. 14 (N.D. Ill. 2000) (sixth amended complaint). *See also Susie Ong v. Chipotle Mexican Grill, Inc.*, No. 16 CIV. 141 (KPF), 2017 WL 933108, at *19 (S.D.N.Y. Mar. 8, 2017) ("The Court has not granted Plaintiffs leave to amend to correct pleading deficiencies on any prior occasion, and cannot find that amendment would be futile or unduly prejudicial.")

This case is currently at the pleading stage and this is the first time Investors have requested leave to amend the complaint.  This is not a circumstance in which Investors have had several "bites at the apple."  The proposed amendment arises out of the same course of conduct alleged in the Amended Complaint and the underlying claims in the Amended Complaint have not been altered.  The motion to dismiss has not yet been fully briefed, discovery has not yet commenced and no trial date has been set.  As a result, no undue prejudice will result if Investors' motion is granted.

### 3.  Investors' Proposed Amendments are Not Futile

The additional facts and allegations set forth in the SAC are the result of information former Mueller employees provided after Investors filed the Amended Complaint. This information directly relates to the allegations in this lawsuit, *i.e.*, that prior to and during the Class Period Defendants were aware of or recklessly disregarded increasing product failures associated with

Mueller's AMI smart meters and that Defendants violated Generally Accepted Accounting Principles ("GAAP"), *inter alia*, in materially understating Mueller's warranty liability to cover the costs of these product failures.  These additional factual allegations will allow the Court to make a decision based on the merits of Plaintiffs' claims. *See Union Carbide Corp. v. Siemens Westinghouse Power Corp.*, No. 99 CIV. 12003 (LMM), 2002 WL 31387269, at *10 (S.D.N.Y. Oct. 23, 2002) (holding that amendment is appropriate where the amended complaint "is closely related to the original claim and is based on a similar set of operative facts.").

## CONCLUSION

For the reasons stated herein, Investors' motion for leave to file the proposed SAC should be granted.

Dated:  December 6, 2019                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            By: */s/ Sara Fuks*
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            Phillip Kim, Esq. (PK 9384)
                                            Sara Fuks (SF 6034)
                                            275 Madison Ave., 34th Floor
                                            New York, NY 10016
                                            Tel: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: lrosen@rosenlegal.com
                                            Email: pkim@rosenlegal.com

                                            *Counsel for Investors*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Sara Fuks*

7