**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA PETERSON and KEVIN KELLY, Individually and On Behalf of All Others Similarly Situated, | Case No. 19-cv-03260 (KPF) |
| Plaintiffs, | <u>JURY TRIAL DEMANDED</u> |
| v. | <u>CLASS ACTION</u> |
| MUELLER WATER PRODUCTS, INC., GREGORY E. HYLAND, J. SCOTT HALL, EVAN L. HART, and MARIETTA EDMUNDS ZAKAS, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUBSTITUTION**

Lead Plaintiff Andrea Peterson and named plaintiff Kevin Kelly ("Plaintiffs" or "Investors") respectfully submit this Memorandum of Law in support of their motion, pursuant to Federal Rule of Civil Procedure 25(a)(1) ("Rule 25") to substitute Brenda Hyland, who is the Executor of the Estate of Gregory E. Hyland, as defendant in her capacity as Executor for the Estate of Defendant Gregory E. Hyland ("Hyland").  Plaintiffs requested Defendants' position on this motion on January 2, 2020, but did not receive it.

## RELEVANT FACTS

Gregory E. Hyland was the President and Chief Executive Officer of Defendant Mueller Water Products, Inc. ("Mueller" or the "Company") from January 2006 to January 22, 2017 and is named as a Defendant in the Action.  (Dkt. No.  51, ¶38).

The Action asserts claims for violation of Section 10(b) and Rule 10b-5 and §20(a) of the Securities Exchange Act of 1934 as to Mr. Hyland.  (Dkt. No. 51, Counts I and II (pages 69-73)).

On October 3, 2019 Defendants filed a letter informing the Court of Mr. Hyland's death on April 12, 2019, during the pendency of this litigation.  (Dkt. No. 34). Rule 25 provides for a 90-day period from the suggestion of death for a motion for substitution to be made.  *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003). Accordingly, the deadline for a motion for substitution is January 5, 2020.

On December 30, 2019, the Fulton County Probate Court informed Investors' Counsel that Brenda Hyland is serving as Executor of the Estate of Gregory E. Hyland.

## ARGUMENT

Rule 25(a) governs the substitution of parties in the event of a death of a party. "The rule states: *'Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made

within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.'" *Allen ex rel. Allen v. Devine*, No. 09-CV-668 ADS ETB, 2011 WL 5117619, at \*2 (E.D.N.Y. Oct. 25, 2011) (quoting Rule 25(a)).

"When determining a motion to substitute a party, a Court must decide whether (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution." *Allen ex rel. Allen v. Devine,* No. 09-CV-668 ADS ETB, 2011 WL 5117619, at \*2 (E.D.N.Y. Oct. 25, 2011).  Here, all of the above factors for granting Plaintiffs' Motion for Substitution are met.

First, the motion for substitution is timely. Rule 25 provides for a 90 day period from suggestion of death for a motion for substitution to be made.  *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at \*1 (S.D.N.Y. Nov. 19, 2003).  Accordingly, the deadline for a motion for substitution is January 5, 2020.

Second, Plaintiffs' claims as to Mr. Hyland have not been extinguished by his death. The claims against Mr. Hyland are not extinguished by his death because claims brought under the Securities Exchange Act of 1934 are remedial and not penal in nature.  "[U]nder federal common law, a federal [claim] survives the death of a party if it is remedial and not penal in nature." *Lai Yoong Low v. Tian Yu Inc*., No. 12 CIV. 7237 HBP, 2015 WL 1011699, at \*3 (S.D.N.Y. Mar. 9, 2015) quoting *Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 67 (W.D.N.Y.1997).  It is well settled that claims brought under the federal securities laws are remedial in nature.  *See S.E.C. v. U.S. Envtl., Inc.*, No. 94CIV.6608(PKL)(AJP), 2003 WL 21697891, at \*24 (S.D.N.Y. July 21, 2003), *aff'd*, 114 F. App'x 426 (2d Cir. 2004) (citing federal securities laws as "remedial statutes"); *S.E.C. v. Milligan,* 436 F. App'x 1 (2d Cir. 2011) (citing "remedial goals" of the Securities Exchange Act of 1934); *S.E.C. v. Breed*, No. 01 CIV.7798(CSH)(AJP), 2004 WL 909170, at \*3 (S.D.N.Y. Apr.

2

29, 2004) ("the SEC may seek other than injunctive relief in order to effectuate the purposes of [the federal securities laws], *so long as such relief is remedial relief* and is not a penalty assessment") (emphasis added).

Accordingly, because the claims against Mr. Hyland are remedial in nature they are not extinguished by his death.

Third, Brenda Hyland is the proper party for substitution. On December 30, 2019, the Fulton County Probate Court informed Counsel that Brenda Hyland is serving as Executor of the Estate of Gregory E Hyland.

Pursuant to Fed.R.Civ.P. 25, a proper party for substitution is "either (1) a successor of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Lai Yoong Low v. Tian Yu Inc.*, No. 12 CIV. 7237 HBP, 2015 WL 1011699, at *3 (S.D.N.Y. Mar. 9, 2015) (internal quotations and citations omitted). Brenda Hyland is the executor of Mr. Hyland's estate. She is therefore the representative of Mr. Hyland's estate. *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (finding that "there is no question that as Executor of the decedent's estate, [executor] is a proper party for substitution, noting that "'A 'representative' of the deceased party's estate is a proper party for substitution.'") (quoting *Graham v. Henderson,* 224 F.R.D. 59, 64 (N.D.N.Y.2004)).

## CONCLUSION

For the foregoing reasons, Investors respectfully request that the Court grant Investors' Motion for Substitution and substitute Brenda Hyland, as Executor for the Estate of Gregory E. Hyland, for Defendant Gregory E. Hyland.

Dated: January 6, 2020                          Respectfully submitted,

4

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Sara Fuks (SF 6034)
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com


*Counsel for Investors*

4