**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GLEN CHAPMAN, ANDREA PETERSON
AND KEVIN KELLY, Individually and On
Behalf of All Others Similarly Situated,

                     Plaintiffs,

            v.

MUELLER WATER PRODUCTS, INC.,
GREGORY E. HYLAND, J. SCOTT HALL,
EVAN L. HART and MARIETTA EDMUNDS
ZAKAS,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: 1:19-cv-3260 (KPF)

**DEFENDANT MUELLER WATER PRODUCTS INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE DECEASED DEFENDANT GREGORY HYLAND WITH HIS WIDOW IN HER CAPACITY AS EXECUTRIX OF THE ESTATE**

Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Phone:  (212) 735-3000
jay.kasner@skadden.com
scott.musoff@skadden.com

*Attorneys for Defendant Mueller Water Products, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..........................................................................................................................2

ARGUMENT.................................................................................................................................2

PLAINTIFFS' MOTION FOR SUBSTITUTION SHOULD BE DENIED ..................................2

I.      Plaintiffs' Motion Is Untimely..........................................................................................2

II.     Plaintiffs Have Not Demonstrated Excusable Neglect ......................................................3

III.    There Is No Indication That Plaintiffs Served Their Motion on Ms. Hyland.....................5

CONCLUSION..............................................................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Baron v. Miller*,
No. 3:13-CV-153 (FJS/DEP), 2015 WL 1788945 (N.D.N.Y. Apr. 20, 2015) ....................3

*Crichlow v. Fischer*,
No. 12-cv-7774 (NSR), 2015 WL 678725 (S.D.N.Y. Feb. 17, 2015) ................................6

*Curet v. United States*, 2:14-cv-2703 (DRH)(SIL),
2017 WL 5897410 (E.D.N.Y. Nov. 29, 2017)...............................................................3, 4

*Doroz v. TECT Utica Corp.*,
No. 6:12-CV-391 (MAD/ATB), 2013 WL 5786641 (N.D.N.Y. Oct. 28, 2013) .................5

*In re Enron Corp.*,
419 F.3d 115 (2d Cir. 2005)...........................................................................................4, 5

*Falls v. Novartis Pharmaceuticals Corp.*,
Civil No. 3:13cv270 (JBA), 2014 WL 3810246 (D. Conn. Aug. 1, 2014).........................3

*In re GLG Life Tech Corp. Securities Litigation*,
287 F.R.D. 262 (S.D.N.Y. 2012) .......................................................................................1

*In re Johns-Manville Corp.*,
No. 04 Civ. 8001(JGK), 2006 WL 1676392 (S.D.N.Y. June 14, 2006) *aff'd*, 476
F.3d 118 (2d Cir. 2007)......................................................................................................5

*Macon v. Correctional Medical Care, Inc.*,
No. 12-CV-6150G, 2015 WL 4604018 (W.D.N.Y. July 30, 2015)....................................6

*Nicosia v. United States*,
No. 11-CV-5069 (JS)(GRB), 2014 WL 2957496 (E.D.N.Y. July 1, 2014) .......................3

*Silivanch v. Celebrity Cruises*, Inc.,
333 F.3d 355 (2d Cir. 2003)...........................................................................................4, 5

*In re Singer Co. N.V.*,
No. M-47 (MBM), 2002 WL 10452 (S.D.N.Y. Jan. 3, 2002) ...........................................5

*Unicorn Tales, Inc. v. Banerjee*,
138 F.3d 467 (2d Cir. 1998)...............................................................................................3

## RULES

Fed. R. Civ. P. 6(b)(1)...............................................................................................................3

Fed. R. Civ. P. 6(b)(1)(B) .........................................................................................................4

Federal Rule of Civil Procedure 4 ................................................................................5

Federal Rule of Civil Procedure 25(a)(1) ...................................................................1, 2

## OTHER AUTHORITIES

John Bourdeau, et al. Federal Procedure, 25 Fed. Proc., L. Ed. § 59:451 (2019) ...........................2

Defendant Mueller Water Products, Inc. ("Mueller" or the "Company") respectfully submits this memorandum of law in opposition to Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 25(a)(1), to substitute Brenda Hyland, the executor of the estate of Gregory E. Hyland, as a defendant in this action.[1]

## PRELIMINARY STATEMENT

By way of this belated motion, Plaintiffs seek to substitute the executor of the estate of Gregory E. Hyland as a defendant in this action. The executor is Mr. Hyland's widow, Brenda Hyland. Mr. Hyland, the former Chief Executive Officer of Mueller, passed away one day after the original complaint in this action was filed. Approximately five months later, Plaintiffs filed an amended complaint that also named the deceased Mr. Hyland as a defendant. On October 3, 2019, Defendants served and filed a statement formally noting Mr. Hyland's death pursuant to Fed. R. Civ. P. 25(a)(1). Rule 25 provides a strict 90-day period in which a party can move to substitute a proper party for the decedent. Plaintiffs missed that deadline and there is no indication that Plaintiffs have served Mr. Hyland's widow with their motion. Because the affairs of an estate need to be resolved, the 90-day deadline is strictly enforced. Moreover, Plaintiffs do not and cannot explain why the estate should be included as a defendant. Plaintiffs do not and cannot claim that Mr. Hyland's estate has any documents or other information relevant to this case that are not in the Company's possession. Accordingly, Plaintiffs' belated motion should be denied.

---

[1] Counsel for Mueller do not currently represent Mr. Hyland or the executor of his estate. Nonetheless, Mueller respectfully submits that the Court should consider this opposition before ruling on Plaintiffs' motion. *Cf. In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (considering corporate defendant's submissions opposing plaintiffs' motion to serve individual defendant by alternative means "as those of an amicus curiae with respect to plaintiffs' motion because without such consideration, the Court 'would be hampered in issuing a ruling grounded on all the facts presented.'" (citation omitted)).

**BACKGROUND**

On April 11, 2019, original plaintiff Glen Chapman filed a complaint against, among other defendants, Gregory E. Hyland, the President and Chief Executive Officer of Mueller between 2006 and 2017. (ECF No. 1.) Mr. Hyland passed away the following day. (*See* ECF No. 34.)

On September 18, 2019, after Andrea Peterson was appointed as lead plaintiff, Plaintiffs filed an amended complaint. (ECF No. 28). The amended complaint also named Mr. Hyland as a defendant, notwithstanding his death in April 2019.

On October 3, 2019, Defendants served and filed a statement formally noting Mr. Hyland's death pursuant to Fed. R. Civ. P. 25(a)(1). (ECF No. 34.)

Over three months later, on January 6, 2020, Plaintiffs belatedly filed the instant motion to substitute Mr. Hyland's widow, the executor of Mr. Hyland's estate, as a defendant pursuant to Fed. R. Civ. P. 25(a)(1). (ECF No. 53 ("Mot.").)

**ARGUMENT**

**PLAINTIFFS' MOTION FOR SUBSTITUTION SHOULD BE DENIED**

**I.    Plaintiffs' Motion Is Untimely**

In the event a party dies while a case is pending, Rule 25 permits a district court to substitute "the proper party" for the decedent under certain circumstances. *See* Fed. R. Civ. P. 25(a). As Plaintiffs acknowledge (Mot. at 1-2), Rule 25 unequivocally provides that "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* This Rule "protects the repose of decedents' estates by preventing interminable delays in the distribution of assets and in the closing of estates." John Bourdeau, et al. Federal Procedure, 25 Fed. Proc., L. Ed. § 59:451 (2019). The 90-day deadline is "strictly applied," and "[c]ourts routinely dismiss [claims] with prejudice where there is a failure to comply with the time period specified by Rule 25(a)." *Nicosia v. United States*,

2

No. 11-CV-5069 (JS)(GRB), 2014 WL 2957496, at *2 (E.D.N.Y. July 1, 2014) (collecting cases) (citation omitted); *see also Baron v. Miller*, No. 3:13-CV-153 (FJS/DEP), 2015 WL 1788945, at *3 (N.D.N.Y. Apr. 20, 2015) ("[I]n the event a timely motion for substitution is not made, dismissal of any claim against a deceased defendant . . . is required.").

Here, Defendants properly served a statement noting the death of Mr. Hyland on October 3, 2019, by filing the statement with the court's electronic-filing system.[2] (ECF No. 34.)  The applicable 90-day deadline thus expired on January 2, 2020 (as January 1, 2020 was a court holiday).  Plaintiffs filed the instant motion on January 6, 2020.  Accordingly, Plaintiffs' motion is untimely and should be denied, and all claims against Mr. Hyland should be dismissed. *See Baron*, 2015 WL 1788945, at *3 (dismissing claims because motion for substitution was untimely); *Falls v. Novartis Pharm. Corp.*, No. 3:13cv270 (JBA), 2014 WL 3810246, at *5 (D. Conn. Aug. 1, 2014) (same); *Curet v. United States*, No. 2:14-cv-2703 (DRH)(SIL), 2017 WL 5897410, at *4 (E.D.N.Y. Nov. 29, 2017) (same).

## II.    Plaintiffs Have Not Demonstrated Excusable Neglect

District courts are permitted to extend the applicable 90-day deadline only under Federal Rule of Civil Procedure 6(b).  *Falls*, 2014 WL 3810246, at *1.  Under that Rule, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1).  "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the

---

[2] While Plaintiffs do not challenge the propriety of this statement of death, to avoid any doubt, the Second Circuit has held that Rule 25 "does not require that the statement [of death] identify the successor or legal representative," and that the Rule "merely requires that the statement . . . be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). On or about December 2, 2019, Plaintiffs' counsel contacted defense counsel to inquire regarding the identity of the representative of Mr. Hyland's estate.  Defense counsel informed Plaintiffs' counsel that defense counsel's firm does not represent the estate.

length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises*, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (alterations in original) (citation omitted).

Because factors one, two, and four above "usually weigh in favor of the party seeking the extension," the Second Circuit has "focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (citation omitted); *see also Curet*, 2017 WL 5897410, at *3 ("[E]ven if three of the factors suggest that the moving party should receive an extension, if the reason for the delay was within the reasonable control of the movant an extension will not necessarily be granted."). The Second Circuit has taken a "hard line" in addressing this factor, noting that "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule,'" and that "where 'the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the [above] test.'" *Silivanch*, 333 F.3d at 366-68 (first alteration in original) (citations omitted).

As a threshold matter, Plaintiffs have neither moved for an extension of time under Rule 6(b) nor attempted to demonstrate excusable neglect. Their motion for substitution should be denied as untimely for this reason alone. *See* Fed. R. Civ. P. 6(b)(1)(B) (permitting extension of time after deadline has expired "on motion"); *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) ("The burden of proving excusable neglect lies with the [movant]." (citation omitted)).

In any event, it is evident that Plaintiffs cannot demonstrate excusable neglect. Focusing on the reason for the delay, apparently, Plaintiffs simply miscalculated the 90-day deadline, incorrectly asserting that it expired on January 5, 2020.[3] (Mot. at 2.) In accordance with the

---

[3] Plaintiffs also assert that they were informed that Brenda Hyland is serving as executor of Mr. Hyland's estate on December 30, 2019. (Mot. at 1.) Plaintiffs, however, do not explain why they

4

principle that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *In re Enron Corp.*, 419 F.3d at 122 (citation omitted), courts have held that miscalculation of a deadline does not constitute excusable neglect. *See In re Johns-Manville Corp.*, No. 04 Civ. 8001(JGK), 2006 WL 1676392, at *3 (S.D.N.Y. June 14, 2006) (error in computing deadline "is an example of 'garden-variety attorney inattention' that fails to rise to excusable neglect" (citation omitted)), *aff'd*, 476 F.3d 118 (2d Cir. 2007); *In re Singer Co. N.V.*, No. M-47 (MBM), 2002 WL 10452, at *3 (S.D.N.Y. Jan. 3, 2002) ("Although the Union's miscalculation as to the appropriate appeals deadline was in good faith and resulted in only one day's delay, not every minor error can or should be excused."); *see also Silivanch*, 333 F.3d at 367 (district court abused its discretion in concluding that lawyer's reliance on another lawyer's erroneous calculation of filing deadline constituted excusable neglect). "Courts are especially reluctant to find excusable neglect based upon attorney oversight where, as here, the deadline was 'crystal clear.'" *Doroz v. TECT Utica Corp.*, No. 6:12-CV-391 (MAD/ATB), 2013 WL 5786641, at *4 (N.D.N.Y. Oct. 28, 2013). Accordingly, Plaintiffs' apparent miscalculation of the filing deadline does not constitute excusable neglect.[4]

## III.   There Is No Indication That Plaintiffs Served Their Motion on Ms. Hyland

Courts have interpreted Rule 25 as requiring service of a motion for substitution on the non-party estate representative who would be substituted as a party under Federal Rule of Civil Procedure 4. *See Crichlow v. Fischer*, No. 12-cv-7774 (NSR), 2015 WL 678725, at *5 (S.D.N.Y. Feb. 17, 2015); *Macon v. Corr. Med. Care, Inc.*, No. 12-CV-6150G, 2015 WL 4604018, at *4

---

could not have obtained that information sooner. In any event, Plaintiffs still had sufficient time to prepare and file their three-page motion for substitution or a motion for an extension of time by January 2, 2020.

[4] More generally, Plaintiffs do not and cannot claim that Mr. Hyland's estate has any documents or other information relevant to this case that are not in the Company's possession.

(W.D.N.Y. July 30, 2015).  Here, there is no indication that Plaintiffs served their motion on Ms. Hyland at all, much less that they did so within the applicable 90-day deadline.  Plaintiffs' motion should be denied for this additional reason.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for substitution should be denied and all claims against Mr. Hyland should be dismissed with prejudice.

Dated:  New York, New York
         January 21, 2020

Respectfully submitted,

/s/ Jay B. Kasner
Jay B. Kasner
Scott D. Musoff
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Phone: (212) 735-3000
Fax:    (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com

*Attorneys for Defendant Mueller Water Products, Inc.*