**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA PETERSON and KEVIN KELLY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MUELLER WATER PRODUCTS, INC., GREGORY E. HYLAND, J. SCOTT HALL, EVAN L. HART, and MARIETTA EDMUNDS ZAKAS, <br><br> Defendants. | **CASE No.:** 19-cv-03260 (KPF) <br><br> **REPLY IN FURTHER SUPPORT OF MOTION FOR SUBSTITUTION** <br><br> **CLASS ACTION** |

Lead Plaintiff Andrea Peterson and named plaintiff Kevin Kelly ("Plaintiffs"), respectfully submit this reply in further support of their motion to substitute Brenda Hyland, as Executor for the Estate of Gregory E. Hyland, for Defendant Gregory Hyland ("Motion to Substitute").

Due to a calendaring error, Plaintiffs filed their Motion to Substitute on January 6, 2020. It was due on January 2. On this basis, Defendant Mueller Water Products, Inc. opposes the Motion to Substitute.

The deadline to file the Motion to Substitute is not jurisdictional. *See Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988) (Fed. R. Civ. P. 6(b) "works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution."). The "history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Curet v. United States*, No. 214CV2703DRHSIL, 2017 WL 5897410, at *2

1

(E.D.N.Y. Nov. 29, 2017). Instead, the Court can allow the late-filed Motion to Substitute if it finds excusable neglect.

"[W]hether a party's neglect of a deadline is excusable ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission [including] ... "[1] the danger of prejudice to the [other party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1494, 123 L. Ed. 2d 74 (1993). Excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *Harp v. City of New York*, No. 01 CIV. 6604 (JGK), 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008) (quoting *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995)).

This case is the definition of excusable neglect. Defendants do not claim that the 4-day delay prejudiced them. How could they? Moreover, beyond the delay's immateriality, Plaintiffs were in regular contact with Defendants about the Motion to Substitute before the January 2 deadline. Declaration of Jonathan Horne ("Horne Dec."), Exhs. 1, 2. And having filed the suggestion of death, Defendants "surely expected Plaintiffs to file the Motion to Substitute". *Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-CV-00461-LRH-WGC, 2013 WL 4523488, at *11 (D. Nev. Aug. 26, 2013).

Nor will the 4-day delay caused by Plaintiffs' inadvertent mistake have any impact on judicial administration. Defendants have not yet moved to dismiss Plaintiffs' Second Amended Complaint. No discovery has taken place and none will take place unless and until the Court denies

2

Defendants' motion to dismiss. 15 U.S.C. § 78u–4(a)(3)(B) (staying discovery and all other proceedings during the pendency of any motion to dismiss).

Plaintiffs plainly delayed filing of the Motion to Substitute inadvertently rather than through bad faith. Plaintiffs gain nothing from a 4-day pre-discovery delay. And while all attorneys take all possible steps to avoid calendaring mistakes, they do sometimes occur. Thus, "courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents." *Scott v. Power Plant Maint. Specialists, Inc.*, No. 2:09-cv-02591-KHV, 2010 WL 1881058, at *3 (D. Kan. May 10, 2010); *Tully v. Cty. of Nassau*, No. 11-CV-2633 ADS ARL, 2012 WL 487007, at *4 (E.D.N.Y. Feb. 14, 2012) (allowing late filing of motion to dismiss when filing was only one day late due to miscalculation).

Two of the cases Defendant cites are inapposite because there the plaintiffs missed appeal deadlines, which are jurisdictional. *In re Johns-Manville Corp.*, No. 04 CIV. 8001 (JGK), 2006 WL 1676392, at *1 (S.D.N.Y. June 14, 2006); *In re Singer Co. N.V.*, No. M-47 (MBM), 2002 WL 10452, at *1 (S.D.N.Y. Jan. 3, 2002); *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, (1988*)* ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional…").

The other three did not involve immaterial delays. In *Baron v. Miller*, no motion for substitution was ever even filed. *Baron v. Miller*, No. 3:13-CV-153 FJS/DEP, 2015 WL 1788945, at *2 (N.D.N.Y. Apr. 20, 2015). In *Falls v. Novartis,* Plaintiffs told the Court they would file a motion within seven days after a conference, but broke their representation by filing over a month later instead. *Falls v. Novartis Pharm. Corp.*, No. 3:13CV270 JBA, 2014 WL 3810246, at *1 (D. Conn. Aug. 1, 2014) In *Curet v. United States*, Plaintiffs took nearly fifteen months to attempt to substitute the party. *Curet v. United States*, No. 214CV2703DRHSIL, 2017 WL 5897410, at *2

3

(E.D.N.Y. Nov. 29, 2017) These cases are plainly distinguishable from 4-day delay that prejudices no one, has no impact on the proceeding, and results from a calendaring mistake rather than a devious scheme.

Finally, since learning the identity of Mr. Hyland's estate executor, Plaintiffs attempted several times to serve Brenda Hyland at her residence in Atlanta but thus far have been unsuccessful. Plaintiffs will continue to endeavor to serve the motion.

Dated: January 28, 2020                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By:/s/ *Laurence M. Rosen*
Laurence M. Rosen (LR 5733)
Phillip Kim (PK 9384)
Sara Fuks (SF 6034)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: sfuks@rosenlegal.com