```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREA PETERSON and KEVIN KELLEY,
individually and on behalf of all others situated,

                        Plaintiffs,

                   -v-

MUELLER WATER PRODUCTS, INC., GREGORY E.
HYLAND, J. SCOTT HALL, EVAN L. HART and
MARIETTA EDMUNDS ZAKAS,

                        Defendants.
-----------------------------------------------------------------X

19-cv-3260 (LJL)

OPINION & ORDER

LEWIS J. LIMAN, United States District Judge:

      Lead Plaintiffs Andrea Peterson and Kevin Kelley (collectively, "Plaintiffs") bring this class action to allege violations of the federal securities laws against Mueller Water Products, Inc. ("Mueller") and four of its current and former officers, including Gregory Hyland ("Hyland") who was President and Chief Executive Officer of Mueller between January 2006 and January 22, 2017. Dkt. No. 51.

      The Complaint was filed on April 11, 2019. The next day, on April 12, 2019, Hyland passed away. In May 2019, defense counsel filed notices of appearance on behalf of Mueller and three individual defendants but did not make an appearance on behalf of Hyland. Dkt. Nos. 7, 8. Six months after Hyland's death, on October 3, 2019, defense counsel filed a suggestion of Hyland's death with the Court, constituting service by ECF. Dkt. No. 34. On December 30, 2019, the Fulton County Probate Court informed Plaintiffs' counsel that Brenda Hyland would serve as executor of Hyland's estate. *See* Dkt. No. 53 at 1. Defense counsel does not currently represent Hyland's estate or its executor.

On January 6, 2020, Plaintiffs filed the instant motion to substitute Brenda Hyland in her capacity as executor of the estate for Hyland. Dkt. No. 52. Plaintiffs represent that since learning the identify of Ms. Hyland, Plaintiffs have tried "several times" to serve Ms. Hyland at her residence with the motion but have been unsuccessful. *See* Dkt. No. 55 at 4.

The parties agree that Fed. R. Civ. P. 25(a)(1) gives parties 90 days to move for substitution upon the service of the suggestion of death. The parties even agree that the application of this Rule to this case imposed a January 2, 2020 deadline for Plaintiff to make this motion. *See* Dkt. No. 55 at 1. The parties disagree, however, on whether this Court should entertain Plaintiffs' four-day late motion. Plaintiffs claim that the short delay was excusable neglect and does not prevent them from now substituting Hyland's executor. Defendants, for their part, claim that Plaintiffs' motion is untimely, that Plaintiffs were required to have made a motion for an extension of time under Rule 6(b) before filing out-of-time, and that no excusable neglect exists either for failure to timely make a motion under Rule 6(b) or under Rule 25(a).

The Court denies Plaintiffs' motion for failure to satisfy two threshold requirements. First, Plaintiffs have failed to serve Brenda Hyland as executor for Hyland. Rule 25(a)(3) requires that the moving party serve the motion to substitute, together with a notice of hearing, on the party to be substituted. Personal service on a substitute party is not a meaningless gesture. It is required to establish personal jurisdiction over that individual; it also gives the Court an opportunity to hear from the individual before the consequential decision to substitute is made. Absent personal service, the affected party lacks notice and cannot object to the substitution. This lack of notice and opportunity to participate raises serious concerns about process and fairness and provides independent grounds for denial of the motion. As a consequence of not receiving this notice, Brenda Hyland has been unable to appear in this Court or respond to this

motion.

Second, without concluding on the dubious assertion that Plaintiffs' failure to identify Brenda Hyland or move to substitute constitutes excusable neglect, the proper course for Plaintiffs was to move for an extension of time under Rule 6(b) to effectuate service. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). Plaintiffs could have made such a motion upon learning of Hyland's death in October 2019. They could have made it at any time before the time for making a motion under Rule 25(a)(3) expired. They failed to do so. Without passing on what result the Court would reach if such a proper motion were made, the current motion is defective and must be denied for that reason alone.

The motion is DENIED without prejudice.

SO ORDERED.

Dated: March 3, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge