# EXHIBIT 1

# 14-4140

## United States Court of Appeals
## for the Second Circuit

**INDIANA PUBLIC RETIREMENT SYSTEM, INDIANA STATE TEACHERS' RETIREMENT FUND, and INDIANA PUBLIC EMPLOYEES' RETIREMENT FUND,**

*Plaintiffs-Appellants,*

(*caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

### JOINT RESPONSE BRIEF OF DEFENDANTS-APPELLEES SAIC, INC. AND MARK W. SOPP

ERIC ROBERT DELINSKY
ZUCKERMAN SPAEDER LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036
(202) 778-1800

*Counsel for Mark W. Sopp*

ANDREW S. TULUMELLO
JASON J. MENDRO
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500

*Counsel for Leidos Holdings, Inc. (formerly SAIC, Inc.)*

**CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated, LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT FUND, On Behalf of Themselves and All Others Similarly Situated, IBEW LOCAL UNION NO. 58 ANNUITY FUND AND THE ELECTRICAL WORKERS PENSION TRUST FUND OF IBEW LOCAL UNION NO. 58,**

*Plaintiffs*,

v.

**SAIC, INC., MARK W. SOPP, and WALTER P. HAVENSTEIN,**

*Defendants-Appellees*,

**GERARD DENAULT, KENNETH C. DAHLBERG, and DEBORAH H. ALDERSON,**

*Defendants*.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel state that on September 27, 2013, the corporate defendant in this matter changed its name from SAIC, Inc. to Leidos Holdings, Inc.  Leidos Holdings, Inc. is a publicly held company that has no parent corporation.  No publicly held corporation owns 10% or more of its stock.

Case 1:19-cv-03260-DLC Document 63-1 Filed 03/16/20 Page 4 of 14

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................1

COUNTER-STATEMENT OF THE ISSUE ...........................................................5

COUNTER-STATEMENT OF THE CASE ............................................................5

    A.    The CityTime Project ............................................................................5

    B.    The CityTime Litigation........................................................................12

    C.    Ruling On Defendants' Motion To Dismiss .....................................12

    D.    Ruling On Defendants' Motion To Reconsider .................................14

    E.    Ruling On Plaintiffs' Motion To Vacate The Judgment....................17

    F.    Plaintiffs' Appeal .................................................................................18

STANDARD OF REVIEW ......................................................................................19

SUMMARY OF ARGUMENT ...............................................................................20

ARGUMENT ............................................................................................................23

I.    THE DISTRICT COURT ACTED WELL WITHIN ITS DISCRETION IN DECLINING TO GRANT LEAVE TO AMEND *SUA SPONTE* IN ITS RECONSIDERATION ORDER..............................23

II.    THE DISTRICT COURT PROPERLY DENIED PLAINTIFFS' MOTION TO VACATE THE JUDGMENT AND AMEND THE COMPLAINT ........................................................................................24

    A.    Plaintiffs Lack Any Basis For Relief From Judgment........................24

    B.    The District Court Was Not Required To Grant Plaintiffs A Further Opportunity To Amend When They Had Already Declined Amendment........................................................................27

    C.    The Proposed Amendments Were Futile ...........................................29

# TABLE OF CONTENTS
## (continued)

Page

1. The Proposed Complaint Fails To Plead Any Material Misstatement Or Omission ......................................................30

  a. SFAS 5 Did Not Require Disclosure Of The CityTime Investigations In March 2011.........................30

  b. SFAS 5 Did Not Require Additional Disclosures Or Accrual In June 2011................................................41

  c. Item 303 Did Not Require Disclosure Of The CityTime Investigations In March 2011.........................43

  d. SAIC's Sarbanes-Oxley Certifications Were Not Misleading .......................................................................45

  e. SAIC's Ethics And Integrity Statements Are Inactionable Puffery ........................................................47

2. The Proposed Complaint Fails To Plead A Strong Inference Of Scienter ................................................................49

III. THE DISTRICT COURT PROPERLY DENIED AMENDMENT OF THE CLAIMS AGAINST MESSRS. HAVENSTEIN AND SOPP.............57

CONCLUSION ..................................................................................................60

iii

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acito v. IMCERA Grp., Inc.,*
47 F.3d 47 (2d Cir. 1995) ................................................................................59

*Analytical Surveys, Inc. v. Tonga Partners, L.P.,*
684 F.3d 36 (2d Cir. 2012) ..............................................................................25

*Anderson News, LLC v. Am. Media, Inc.,*
680 F.3d 162 (2d Cir. 2012) ............................................................................20

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
493 F.3d 87 (2d Cir. 2007) ........................................... 28, 30, 37, 45, 60

*Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,*
637 F.3d 827 (7th Cir. 2011) ..........................................................................29

*Basic Inc. v. Levinson,*
485 U.S. 224 (1988) .........................................................................................30

*Berman v. Morgan Keegan & Co.,*
455 F. App'x 92 (2d Cir. 2012) .......................................................................27

*Chill v. Gen. Electric Co.,*
101 F.3d 263 (2d Cir. 1996) ............................................................................50

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.,*
399 F.3d 651 (6th Cir. 2005) ..........................................................................38

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,*
752 F.3d 173 (2d Cir. 2014) ...................................................................... 20, 48

*Coulter v. Morgan Stanley & Co.,*
753 F.3d 361 (2d Cir. 2014) ............................................................................29

*Denny v. Barber,*
576 F.2d 465 (2d Cir. 1978) ...................................................................... 40, 47

*DiVittorio v. Equidyne Extractive Indus., Inc.,*
822 F.3d 1242 (2d Cir. 1987) ..........................................................................27

*ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.,*
553 F.3d 187 (2d Cir. 2009) ........................................ 47, 48, 49, 50, 52, 53, 58

*Erica P. John Fund, Inc. v. Halliburton Co.,*
131 S. Ct. 2179 (2011) .....................................................................................29

iv

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Gallop v. Cheney,*
642 F.3d 364 (2d Cir. 2011) .................................................................23

*Ganino v. Citizens Utils. Co.,*
228 F.3d 154 (2d Cir. 2000) .................................................................31

*Greenstone v. Cambex Corp.,*
975 F.2d 22 (1st Cir. 1992) .................................................................32

*In re Bank of Am. AIG Disclosure Sec. Litig.,*
980 F. Supp. 2d 564 (S.D.N.Y. 2013) ................................... 13, 42, 43, 44, 52, 54

*In re Lehman Bros. Mort.-Backed Sec. Litig.,*
650 F.3d 167 (2d Cir. 2011) .................................................................24

*In re Marsh & McLennan Cos. Sec. Litig.,*
501 F. Supp. 2d 452 (S.D.N.Y. 2006) ....................................................57

*In re SAIC Inc. Derivative Litig.,*
948 F. Supp. 2d 366 (S.D.N.Y. 2013) ....................................... 1, 12, 33

*In re Sofamor Danek Grp., Inc.,*
123 F.3d 394 (6th Cir. 1997) .................................................................44

*In re Stone & Webster, Inc. Sec. Litig.,*
414 F.3d 187 (1st Cir. 2005) .................................................................40

*J&R Mktg. v. Gen. Motors Corp.,*
549 F.3d 384 (6th Cir. 2008) .................................................................44

*Johnson v. Univ. or Rochester Med. Ctr.,*
642 F.3d 121 (2d Cir. 2011) .................................................................19

*Kalnit v. Eichler,*
264 F.3d 131 (2d Cir. 2001) .................................................................52

*Kapps v. Torch Offshore, Inc.,*
379 F.3d 207 (5th Cir. 2004) .................................................................44

*Lapin v. Goldman Sachs Grp., Inc.,*
506 F. Supp. 2d 221 (S.D.N.Y. 2006) ....................................................48

*Lasker v. New York State Electric & Gas Corp.,*
85 F.3d 55 (2d Cir. 1996) .................................................................47

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Litwin v. Blackstone Grp., L.P.*,
634 F.3d 706 (2d Cir. 2011) ...................................................................45

*Makor Issues & Rights Ltd. v. Tellabs Inc.*,
513 F.3d 702 (7th Cir. 2008) .................................................................56

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*,
930 F.2d 240 (2d Cir. 1991) ...................................................................24

*Norton v. Sam's Club*,
145 F.3d 114 (2d Cir. 1998) ........................................................... 40, 60

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
131 S. Ct. 1318 (2015) ...........................................................................48

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*,
694 F. Supp. 2d 287 (S.D.N.Y. 2010) ....................................................59

*Richman v. Goldman Sachs Grp., Inc.*,
868 F. Supp. 2d 261 (S.D.N.Y. 2012) ....................................................37

*Rombach v. Chang*,
355 F.3d 164 (2d Cir. 2004) ...................................................................30

*Rosner v. Star Gas Partners, LP*,
344 F. App'x 642 (2d Cir. 2009) ............................................................27

*Ruotolo v. City of N.Y.*,
514 F.3d 184 (2d Cir. 2008) ............................................................ 24, 25

*S. Cherry St., LLC v. Hennessee Grp. LLC*,
573 F.3d 98 (2d Cir. 2009) .....................................................................49

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*,
75 F.3d 801 (2d Cir. 1996) .....................................................................38

*Schwartz v. Liberty Mut. Ins. Co.*,
539 F.3d 135 (2d Cir. 2008) ...................................................................19

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995) .....................................................................15

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*State Trading Corp. of India v. Assuranceforeningen Skuld,*
  921 F.2d 409 (2d Cir. 1990) .......................................................................... 27, 28

*Stratte-McClure v. Morgan Stanley,*
  776 F.3d 94 (2d Cir. 2015) ...................................................................... 43, 45, 52

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.,*
  531 F.3d 190 (2d Cir. 2008) ...................................................................... 55, 56, 59

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  551 U.S. 308 (2007) .......................................................................... 49, 50, 52, 56

*United States v. Botti,*
  711 F.3d 299 (2d Cir. 2013) .................................................................................60

*United States v. Matthews,*
  787 F.2d 38 (2d Cir. 1986) ..................................................................................37

*United States v. Potamkin Cadillac Corp.,*
  697 F.2d 491 (2d Cir. 1983) ........................................................................ 25, 26

*United States v. Technodyne LLC,*
  753 F.3d 368 (2d Cir. 2014) ........................................................................ 10, 34

*United States v. Yu-Leung,*
  51 F.3d 1116 (2d Cir. 1995) .................................................................................27

Valentini v. Citigroup, Inc.,
  837 F. Supp. 2d 304 (S.D.N.Y. 2011) ..................................................................57

*Welch v. Havenstein,*
  553 F. App'x 54 (2d Cir. 2014) ...................................................................... 1, 12

*Williams v. Citigroup ) Inc.,*
  659 F.3d 208 (2d Cir. 2011) ........................................................................ 23, 25

*Zaluski v. United Am. Healthcare Corp.,*
  527 F.3d 564 (6th Cir. 2008) ...............................................................................39

**Statutes**

15 U.S.C. § 78u-4(b)(1) .........................................................................................30

15 U.S.C. § 78u-4(b)(2)(A) .......................................................................... 30, 49

vii

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................. 29, 30, 38

Fed. R. Civ. P. 15(a)............................................................................................25

Fed. R. Civ. P. 59(e)................................................................... 5, 19, 24, 25, 26

Fed. R. Civ. P. 60(b) ................................................................. 5, 19, 24, 25, 26

**Regulations**

17 C.F.R. § 210.4-01.................................................................................... 8, 57

17 C.F.R. § 229.303(a)............................................................................... 43, 57

**Other Authorities**

Exchange Act Release No. 6835, 43 S.E.C. Docket 1330, 1989 WL 1092885
(May 18, 1989) ..............................................................................................43

Leidos Holdings, Inc., Annual Report (Form 10-K) (March 25, 2015) .................11

Letter from John R. Hartley, SVP & Controller, SAIC, Inc. to SEC (Nov. 9,
2009), *available at*
http://www.sec.gov/Archives/edgar/data/1336920/000119312509229656/
filename1.htm ................................................................................................45

SAIC Inc., Annual Report (Form 10-K) (Mar. 25, 2011).....................................45

*Healthcare Corp.*, 527 F.3d 564, 577 (6th Cir. 2008). The *Zaluski* court held that "knowledge of [potentially illegal payments to a state politician], the termination of an employee who subsequently filed a whistleblower action, and the potential for investigation" was not sufficient to require disclosure of a loss contingency under SFAS 5. *Id.* Plaintiffs' allegations against SAIC do not even rise to the level of *Zaluski*, much less the level necessary to plead a duty to disclose. As of March 2011, no SAIC employee had been fired, there had been no legal action asserted against the Company, and neither the City nor federal prosecutors had communicated to SAIC in any way that claims would be asserted against the Company.

> ### iii. SFAS 5 Did Not Require Disclosure Under Any Theory Unrelated To A Possible Claim Or Assessment

In a final effort to revive their GAAP claims, plaintiffs cursorily argue that SFAS 5 required SAIC to disclose "fraudulently booked revenue" "regardless of whether NYC possessed a claim against SAIC." Br. 37. But this newly minted theory does not excuse plaintiffs from meeting the "probable" standard for unasserted claims because it also relies on unasserted claims. SAIC's potential risk of losing any revenue it earned from CityTime turned on whether the City chose to pursue an unasserted claim to recover its payments to SAIC. Thus, this SFAS 5 theory is subject to the "probable" standard and fails for the same reasons that plaintiffs' other SFAS 5 theories fail.

Plaintiffs' new theory also confuses omissions with affirmative misstatements. Plaintiffs would have pleaded that SAIC *misstated* its revenues if the facts supported such a claim. Because they do not, Plaintiffs neither specifically alleged false revenue recognition nor claimed that SAIC was ever required to restate any revenues it reported. Thus, their assertion that SFAS 5 required SAIC to disclose "fraudulently booked revenue" is unfounded. It attempts to conjure an omission theory out of hypothetical revenue misstatements plaintiffs did not plead. SFAS 5's "probable" standard cannot be so easily sidestepped.[7]

Plaintiffs' reliance on *In re Stone & Webster, Inc. Securities Litigation*, 414 F.3d 187 (1st Cir. 2005) is misplaced. Br. 37-38. In that case, the defendants falsely "reported expected future payments as current revenues," where no future payments were expected because the contract providing for the payments had been canceled. *In re Stone*, 414 F.3d at 202-03. In contrast, SAIC booked revenue it

---

[7] Plaintiffs also assert in a footnote that the Proposed Complaint "alleges an SFAS 5 violation based on the uncollectibility of $40 million in receivables outstanding as of May 31, 2011." Br. 43 n.14. As plaintiffs only raise this argument in a single, conclusory footnote, it is waived. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). In any event, the argument lacks merit. SAIC could not have disclosed—let alone accrued—*in March 2011* that it had uncollectable receivables *as of May 31, 2011*, and their suggestion otherwise is paradigmatic fraud-by-hindsight pleading. *See Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978). Moreover, accrual was not required in June 2011 because SAIC could not reasonably estimate its loss could not be reasonably estimated. *See infra* Section II.C.1.b.

40

had *already* earned from CityTime while the project was active and ongoing. It would have been an omission not to book those revenues.

### b. SFAS 5 Did Not Require Additional Disclosures Or Accrual In June 2011

The Proposed Complaint also fails to plead an omission claim with respect to SAIC's June 2011 financial statements. The proposed claims regarding those financial statements were asserted virtually verbatim in the Amended Complaint, and the District Court dismissed them. *Compare* JA-253-57, *with* JA-58-62. Yet plaintiffs do not explain what previously unavailable facts they rely on now that could cure their flawed claims.

SAIC's public statements in June 2011 extensively disclosed the current status of the CityTime investigation and the possibility of additional losses. *See* JA-253-56. SAIC explained in the June 2011 8-K that: (1) SAIC had billed approximately $635 million under the CityTime contract to date; (2) it had "approximately $40 million" in outstanding receivables owed by the City under the contract; (3) an SAIC internal investigation of the program discovered that it could not validate all time recorded to the contract by Denault; (4) the Company "could not determine the extent to which any time may have been incorrectly overbilled to the City" for Denault's work; (5) the Company had terminated Denault, against whom a criminal complaint had been filed; (6) the Company had offered to voluntarily refund approximately $2.5 million to the City, representing all of Denault's direct billings

41