SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK 10001-8602

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL

2127357852

DIRECT FAX

9177777852

EMAIL ADDRESS

SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES

————

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

————

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 28, 2020

**Via ECF**

Honorable Lewis J. Liman
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Chapman v. Mueller Water Products, Inc.*, No. 1:19-cv-3260-LJL

Dear Judge Liman:

We represent defendants Mueller Water Products, Inc., J. Scott Hall, Evan L. Hart and Marietta Edmunds Zakas ("Defendants") in the above-referenced action. We write to respectfully submit a decision issued yesterday by the U.S. Court of Appeals for the Second Circuit that further supports Defendants' Motion to Dismiss the Second Amended Complaint: *Jackson v. Abernathy*, No. 19-13000 (2d Cir. May 27, 2020). As explained more fully below, *Abernathy* confirms that Plaintiffs' scienter allegations at the foundation of the Second Amended Complaint (ECF No. 48) "are not sufficiently particularized to raise a strong inference of scienter against any individual, much less one whose knowledge can be imputed to the company." *Abernathy*, at 11.

The plaintiff in *Abernathy* appealed the denial of his motion to file an amended securities fraud complaint against the manufacturers of an allegedly defective surgical gown. *Id.* at 1. Like here, in *Abernathy*, plaintiff's scienter allegations centered around statements of mid-level employees regarding defects of a company's "key product." *Id.* at 12. Judge Swain denied plaintiff's motion stating that plaintiff's allegations required "several layers of speculative inferences" that "are insufficient to plead

Hon. Lewis J. Liman
May 28, 2020
Page 2

plausibly the scienter element of the securities fraud claim." *Jackson v. Avanos Med., Inc.*, No. 16-CV-05093-LTS, 2019 WL 1437517, at *4 (S.D.N.Y. Mar. 31, 2019).

The Second Circuit (Calabresi, Wesley and Sullivan, JJ.) affirmed the District Court's holding stating that "[g]eneral allegations of warnings made to unidentified executives . . . are not sufficiently particularized to raise a strong inference of scienter against any individual, much less one whose knowledge can be imputed to the company." *Abernathy*, at 11. The court noted that although the proposed amended complaint alleged that "[t]hree employees knew of problems with the [product], . . . it provide[d] no connective tissue between those employees and the alleged misstatement." *Id*. at 12. The court also rejected plaintiff's argument that the product in question was "of such core importance to the Corporate Defendants that their senior officers must have known that the challenged statements were false." *Id*. at 12.

We have attached a copy of the decision for the Court's convenience.

Respectfully submitted,

/s/   Scott D. Musoff
Scott D. Musoff

cc: All counsel via ECF

Enclosure