19-1300-cv
*Jackson v. Abernathy*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Argued: April 22, 2020
Decided: May 27, 2020

No. 19-1300-cv

RONALD JACKSON, individually and on
behalf of all others similarly situated,

*Plaintiff-Appellant*,

*v.*

ROBERT E. ABERNATHY, STEVEN E. VOSKUIL,
KIMBERLY-CLARK CORPORATION, THOMAS J.
FALK, MARK A. BUTHMAN, AVANOS
MEDICAL, INC.,

*Defendants-Appellees*,

HALYARD HEALTH, INC.,

*Defendant*.

Appeal from the United States District Court
for the Southern District of New York
No. 16-cv-5093, Laura Taylor Swain, *Judge*.

---

Before:        CALABRESI, WESLEY, AND SULLIVAN, *Circuit Judges*.

Appellant Ronald Jackson appeals the denial of his motion to file an amended securities fraud complaint against the manufacturers of an allegedly defective surgical gown.  The district court (Swain, *J.*) denied Jackson's motion as futile because he failed to raise a strong inference of scienter against any of the defendants.  On appeal, Jackson pursues only his claims against the corporate defendants.  We affirm the district court's order, concluding that Jackson cannot raise a strong inference of collective corporate scienter by (1) relying on the knowledge of employees unconnected to the challenged statements or (2) pleading that the challenged statements concerned a key product with which the company's senior management would be expected to be familiar.

AFFIRMED.

> TAMAR A. WEINRIB (Jeremy A. Lieberman, Marc I. Gross, *on the brief*), Pomerantz LLP, New York, NY; Patrick V. Dahlstrom, Pomerantz LLP, Chicago, IL, *for* Plaintiff-Appellant.
>
> EAMON P. JOYCE (Francesca E. Brody, *on the brief*), Sidley Austin LLP, New York, NY; Christopher Y. Lee, Sidley Austin LLP, Chicago, IL, *for* Defendants-Appellees Kimberly-Clark Corporation, Thomas J. Falk, and Mark A. Buthman.
>
> JOHN A. JORDAK, JR. (Brett D. Jaffe, Elizabeth Gingold Clark, *on the brief*), Alston & Bird LLP, New York, NY, *for* Defendants-Appellees Avanos Medical, Inc., Robert E. Abernathy, and Steven E. Voskuil.

PER CURIAM:

This is a case about collective intent – or lack thereof.  Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") forbids a company or an individual from making a materially misleading statement to shareholders.  But liability for such a statement requires proof that it was made with fraudulent intent.  Where a defendant is an individual, demonstrating such intent is often straightforward.  Where the defendant is a corporation, however, a plaintiff must show that the misstatement was not a case of mere mismanagement, but rather the product of collective fraudulent conduct.  As a result, a plaintiff must plead facts that raise a strong inference of collective corporate scienter.

Plaintiff-Appellant Ronald Jackson argues that his proposed amended complaint makes that showing here.  According to Jackson, the defendants – two manufacturers of medical equipment – intentionally misled shareholders about the quality of one of their surgical gown products through a series of fraudulent misstatements. He asserts that the companies' malintent is clear because a handful of employees internally raised alarm that the surgical gown had failed several quality-control tests.  But while Jackson's allegations support a strong inference that those employees knew of issues with the surgical gown, Jackson has not

alleged facts sufficient to impute their knowledge to the corporate entities. And because Jackson has otherwise failed to plead facts tending to show that senior executives must have known that the challenged statements were false, we conclude that Jackson's proposed amended complaint does not raise a strong inference of collective corporate scienter.

## I.  Background

Jackson appeals from the district court's refusal to set aside its judgment and permit Jackson to file a second amended class action complaint against Defendants-Appellees Kimberly-Clark Corporation ("Kimberly-Clark"), Avanos Medical, Inc. ("Avanos" and, together with Kimberly-Clark, the "Corporate Defendants"), Thomas Falk (Kimberly-Clark's CEO), Mark Buthman, Robert Abernathy, and Steven Voskuil (collectively, the "Individual Defendants," and, together with the Corporate Defendants, the "Defendants").

Jackson's claims arise from the Corporate Defendants' manufacture and sale of the MicroCool Breathable High Performance Surgical Gown (the "MicroCool gown"). The MicroCool gown is typically worn by health care providers when treating patients with highly infectious diseases – like HIV and Ebola – to prevent the transfer of microorganisms, bodily fluids, and particulate matter. Protective

4

apparel like the MicroCool gown is rated according to a barrier classification system developed by the Association for the Advancement of Medical Instrumentation ("AAMI"), which ranges from 1 (least protective) to 4 (most protective).

Jackson alleges that between August 2014 and April 2016, the Corporate Defendants misled shareholders as to the quality and infection-prevention capabilities of the MicroCool gown, in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. Specifically, Jackson claims that the Corporate Defendants represented the MicroCool gown as meeting the AAMI Level 4 standard, despite the companies' senior executives knowing that the gown had failed numerous quality-control tests.

On March 30, 2018, the district court dismissed Jackson's complaint in its entirety and entered judgment in favor of the Defendants. It reasoned that Jackson had failed to adequately allege scienter as to the Individual Defendants and, because Jackson sought to impute their scienter to the corporate entities, the Corporate Defendants as well.

Less than a month later, Jackson moved to set aside the judgment under Federal Rules of Civil Procedure 15(a), 59(e), and 60(b), and file a proposed

amended complaint.  His proposed amended complaint included several new allegations based on a related California consumer fraud case concerning the MicroCool gown (the "California Action").

In the California Action, three of the Corporate Defendants' employees testified that the MicroCool gown's compliance problems were well known at the companies.  Joanne Bauer, President of Kimberly-Clark's healthcare division and Falk's direct report, testified that she held a meeting with her team to discuss the MicroCool gown's testing failures.  Bernard Vezeau, Director of Global Strategic Marketing for Surgery and Infection Prevention for both Corporate Defendants, testified that he "prepared documents for senior Kimberly-Clark executives that detailed manufacturing problems and resulting product compliance failures," which were "presented to senior management, including to Mr. Falk."  J. App'x at 145 (internal quotation marks omitted).  Lastly, Keith Edgett, Kimberly-Clark's former Global Director of Surgical and Infection Prevention, testified that "Falk was informed of [the MicroCool gown's] noncompliance issues."  *Id.* (internal quotation marks and brackets omitted).  The jury in the California Action found, likely based in part on this testimony, that the companies had intentionally misled consumers about the gown's protective qualities, in violation of California's

consumer protection laws.

In moving to set aside the judgment, Jackson argued that both the employees' testimony and the jury verdict tended to support a strong inference of scienter against each of the Individual Defendants. The district court disagreed and denied Jackson's motion as futile. It reasoned that the new allegations required the court to speculate about what precisely Falk was told and whether those warnings were sufficiently obvious as to render Falk's inaction reckless. Moreover, the district court noted that Vezeau clarified that he did not personally know whether Falk received the presentations about the MicroCool gown's testing failures, but merely assumed that he had. The district court concluded that it would have to engage in several layers of speculative inferences to find that Falk (or any other defendant) acted recklessly.

Jackson timely appealed. On appeal, he has abandoned his claims against the Individual Defendants, and argues only that his proposed amended complaint raises a strong inference of scienter against the Corporate Defendants.

Ordinarily, we review a district court's denial of a post-judgment motion for leave to amend for abuse of discretion. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). But where the district court denies such a motion solely on the

grounds that amendment would be futile, we review *de novo.  Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016).

## II.  Discussion

The crux of Jackson's appeal is that his proposed amended complaint raises a strong inference of collective corporate scienter.[1]  That inference may be drawn, he says, because (i) the knowledge of the three employees that testified in the California Action may be imputed to the Corporate Defendants and (ii) the MicroCool gown was a key product with which the companies' senior management would be expected to be familiar.[2]  We are unpersuaded.

To adequately plead scienter, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with" the intent to deceive, manipulate, or defraud.  15 U.S.C. § 78u-4(b)(2)(A); *see Tellabs, Inc. v.*

---

[1] We note that Jackson did not pursue this theory of scienter below and thus could be found to have waived that argument.  But as "our waiver doctrine is entirely prudential," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008), and because Jackson's appeal "presents a question of law and there is no need for additional fact-finding," *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (internal quotation marks omitted), we exercise our discretion to consider his argument on the merits.

[2] Jackson also suggests that the Corporate Defendants are precluded from contesting scienter because the jury in the California Action found that the companies had intentionally defrauded consumers.  But Jackson has not demonstrated that the issues in the two proceedings are identical. *See Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013).  Indeed, it is not at all apparent that the individuals whose states of mind are relevant to prove corporate scienter in the context of a consumer fraud action are the same individuals whose states of mind are relevant in the context of a securities fraud action.

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007).  Under this heightened pleading standard, a "complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Slayton v. American Exp. Co.*, 604 F.3d 758, 766 (2d Cir. 2010) (quoting *Tellabs*, 551 U.S. at 324).

Where a defendant is a corporation, this requires pleading facts that give rise to "a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008).  Ascribing a state of mind to a corporate entity is a difficult and sometimes confusing task.  This is true "not because 'collective intent' . . . is an oxymoron," but because "the hierarchical and differentiated corporate structure" often muddies the distinction between a deliberate fraud and an unfortunate (yet unintentional) error caused by mere mismanagement. *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 707 (7th Cir. 2008) (Posner, *J.*).

In response to this problem, most courts look to the discrete roles played by the corporate actors who are connected to the alleged misrepresentation to determine which (if any) fall within the locus of a company's scienter. *See, e.g.,*

9

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 177–78 (2d Cir. 2015); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 476 (6th Cir. 2014).  Under this approach, the "most straightforward" way to raise a strong inference of corporate scienter is to impute it from an individual defendant who made the challenged misstatement.  *Dynex*, 531 F.3d at 195.  The scienter of the other officers or directors who were involved in the dissemination of the fraud may also be imputed to the corporation, even if they themselves were not the actual speaker. *See Loreley*, 797 F.3d at 177.  But a shareholder need not always identify the individuals responsible for the fraudulent statement.   In exceedingly rare instances, a statement may be so "dramatic" that collective corporate scienter may be inferred.  *Dynex*, 531 F.3d at 195–96 (quoting *Makor Issues & Rights*, 513 F.3d at 710).

Jackson's proposed amended complaint sets forth no such allegations.  To start, Jackson has not identified any individual whose scienter may be imputed to the Corporate Defendants.  Jackson's reliance on the knowledge of the three employees who testified in the California Action is misplaced.  Those employees did not themselves possess scienter, as the steps they took to raise concern about the MicroCool gown's testing failures belie any inference of fraudulent intent.  *See*

*Slayton*, 604 F.3d at 777 (noting that good faith efforts to uncover problems undermine an inference of scienter).  And while particularized allegations that senior officers ignored those employees' warnings could demonstrate that those officers acted fraudulently, Jackson's proposed amended complaint fails to make that showing.

The only specific individual Jackson identifies as having received these warnings is Falk; but Jackson chose not to appeal the district court's determination that the proposed amended complaint did not raise a strong inference that Falk acted with scienter. Otherwise, Jackson offers only general allegations of warnings made to unidentified senior executives.  Such allegations are not sufficiently particularized to raise a strong inference of scienter against any individual, much less one whose knowledge may be imputed to the Corporate Defendants.  *See Dynex*, 531 F.3d at 196 ("[W]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information." (quoting *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000))); *see also* 15 U.S.C. § 78u-4(b)(2)(A) (requiring scienter to be alleged with "particularity").

In short, Jackson's proposed amended complaint sets forth allegations that

11

three employees knew of problems with the MicroCool gown, but it provides no connective tissue between those employees and the alleged misstatements. *See Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 440–41 (S.D.N.Y. 2017) (acknowledging that it is insufficient to "*separately* allege misstatements by some individuals and knowledge belonging to some others where there is no strong inference that, in fact, there was a connection between the two"). We can therefore only guess what role those employees played in crafting or reviewing the challenged statements and whether it would otherwise be fair to charge the Corporate Defendants with their knowledge.

Jackson is thus left to argue that the MicroCool gown was of such core importance to the Corporate Defendants that their senior officers must have known that the challenged statements were false. *See Dynex*, 531 F.3d at 195–96. On that point, Jackson offers no arguments other than merely stating that the MicroCool gown was a "key product" for the Corporate Defendants. Jackson's Br. at 28. Such a naked assertion, without more, is plainly insufficient to raise a strong inference of collective corporate scienter. *See Dynex*, 531 F.3d at 195–96.

We therefore agree with the district court that Jackson's proposed amended complaint would be futile.

## III. Conclusion

Accordingly, we **AFFIRM** the order of the district court.